# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JEREMIAH MYERS, and<br>CLARISSA MYERS,<br><br>    Plaintiff,<br><br>v.<br><br>AJ CUNNINGHAM,<br>CHARLIE WILDER, individually and<br>as Police Chief for Tracy City, Tennessee,<br>and TRACY CITY, TENNESSEE,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. _____<br>) JURY DEMAND<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Come now Plaintiffs, JEREMIAH MYERS AND CLARISSA MYERS, by and through the undersigned attorney, and for their cause of action against the Defendants would respectfully show to the Court and Jury as follows:

### I. THE PARTIES

1.1 The Plaintiffs, Jeremiah Myers and Clarissa Myers, are citizens and residents of Grundy County, Tennessee.

1.2 The Defendant, AJ Cunningham, (hereinafter "Defendant Cunningham") is, upon information and belief, a resident of Grundy, County, Tennessee. Defendant Cunningham was, at all times relevant to this Complaint, acting under color of state law, and was employed as and acting within his capacity as a police officer with the Tracy City Police Department. Defendant Cunningham is being sued in his official capacity for his failure to perform, neglect of, and deliberate indifference to his duties as a police officer for Tracy City, Tennessee. Defendant Cunningham is also being sued in his individual capacity.

1.3     The Defendant, Charlie Wilder, (hereinafter "Defendant Wilder") is the duly appointed Police Chief of Tracy City, Tennessee. Defendant Wilder was, at all times relevant to this Complaint, acting under color of state law, and was employed as and acting within his capacity as Police Chief with the Tracy City Police Department. Defendant Charlie Wilder is being sued in his official capacity for his failure to perform, neglect of, and deliberate indifference to his duties as Police Chief of Tracy City, Tennessee. Defendant Wilder is also being sued in his individual capacity.

1.4     Defendant, Tracy City, Tennessee, is an incorporated municipality within the State of Tennessee.

## II. JURISDICTION

2.1     This Court has jurisdiction over the Federal claims asserted in this action pursuant to 28 U.S.C. § 1331 (Federal Question) and § 1343 (Civil Rights), as well as 42 U.S.C. § 1983.

## III. VENUE

3.1     Venue of this action is proper pursuant to 28 U.S.C. 1391(b) in that the events giving rise to the action occurred in the Eastern District of Tennessee.

## IV. NATURE OF THE CASE

4.1     This action arises under the Fourth Amendment to the United States Constitution and under federal law, specifically, the Civil Rights Act of 1964 (as amended), 42 U.S.C. § 1983 *et seq.* for violations of the Constitutional Rights of the Plaintiffs, Jeremiah Myers and Clarissa Myers.

## V. FACTS

5.1     On August 9, 2017, Mr. Jeremiah Myers was arrested for crimes that allegedly occurred on May 12, 2017. Specifically, Mr. Myers was charged with one count of felony delivery of a schedule II drug and one count of felony sale of a schedule II drug.

5.2     On August 8, 2017, Mrs. Clarissa Myers was arrested for crimes that allegedly occurred on May 9, May 12, and May 23, 2017. Specifically, Mrs. Myers was charged with eight counts of the felony sale of a schedule II drug,

5.3     Mr. Myers is innocent of the crimes of felony sale and delivery of a schedule II drug.

5.4     Mrs. Myers is innocent of the crimes of felony sale of a schedule II drug.

5.5     Defendant Wilder and Defendant Cunningham conspired to fabricate evidence against Mr. and Mrs. Myers.

5.6     Defendant Wilder paid a confidential informant, whose identify is known, but referred to herein as C.I. for protection, in order to hire an impersonator to act like Jeremiah Myers during the staged sale of illegal drugs.

5.7     Defendant Wilder instructed C.I. to conduct staged undercover buys from the impersonators to fabricate evidence against Mr. Myers.

5.8     Defendant Wilder paid a confidential informant, whose identify is known, but referred to herein as C.I. for protection, in order to hire impersonators to act like Clarissa Myers during multiple staged sales of illegal drugs.

5.9     Defendant Wilder instructed C.I. to conduct staged undercover buys from the impersonators to fabricate evidence against Mrs. Myers.

5.10    Defendant Wilder knowingly and deliberately made false statements to the Grand Jury in order to get Indictments charging Mr. Myers with crimes which Defendant Wilder knew were fabricated.

5.11    Defendant Wilder knowingly and deliberately made false statements to the Grand Jury in order to get Indictments charging Mrs. Myers with crimes which Defendant Wilder knew were fabricated.

5.12    Defendant Cunningham participated in the controlled buys with C.I., such that he knew or should have known that the charges against Mr. and Mrs. Myers were fabricated.

5.13    Defendant Cunningham knew or should have known that Defendant Wilder paid CI to set up bogus sales of illegal drugs in order to frame Mr. and Mrs. Myers.

5.14    Defendant Cunningham knowingly and deliberately made false statements to the Grand Jury in order to get Indictments charging Mr. Myers with crimes which Defendant Cunningham knew were fabricated.

5.15    Defendant Cunningham knowingly and deliberately made false statements to the Grand Jury in order to get Indictments charging Mrs. Myers with crimes which Defendant Cunningham knew were fabricated.

5.16    Defendant Wilder and Defendant Cunningham acted with reckless disregard for the truth in making false statements to obtain criminal charges against Mr. and Mrs. Myers.

5.17   Because Defendants' statements were false, there was no probable cause to prosecute Mr. Myers for felony sale of a schedule II drug or felony delivery of a schedule II drug.

5.18   Because Defendants' statements were false, there was no probable cause to prosecute Mrs. Myers for eight counts of felony sale of a schedule II drug.

5.19   On February 12, 2018, all charges against Mr. Myers were dismissed without condition.

5.20   On February 12, 2018, all charges against Mrs. Myers were dismissed without condition.

5.21   As a result of the criminal charges, Mr. Myers suffered public humiliation, missed time from work, and had to hire an attorney and private investigator to defend the criminal charges against him.

5.22   As a result of the criminal charges, Mrs. Myers suffered public humiliation, missed time from work, and had to hire an attorney and private investigator to defend the criminal charges against her.

5.23   Defendant Wilder and Defendant Cunningham participated in and influenced the charging and prosecution of the Plaintiffs.

5.24   The charging and prosecution of Plaintiffs was not reasonable.

5.25   In doing the acts alleged in this Complaint, Defendants Wilder and Cunningham were acting under the color of the statutes, ordinances, regulations, customs and usages of Tracy City and the State of Tennessee and under the authority of their office as the Police Chief of Tracy City, Tennessee and an officer with the Tracy City Police.

5.26 The participation and influence of the charging and prosecution of Plaintiffs by Defendants Wilder and Cunningham was deliberate and intentional.

5.27 Defendant Wilder, as Chief of Police for Tracy City, is responsible for establishing final governmental policy.

5.28 Defendant Wilder adopted a policy, procedure and/or custom of fabricating evidence to effectuate arrests.

5.29 Tracy City is liable for the actions of Defendant Wilder because Defendant Wilder, as Chief of Police for Tracy City, Tennessee, used his position as a policymaker for Tracy City, Tennessee to make the decision to fabricate evidence against Plaintiffs, leading to their arrest and prosecution for crimes they did not commit.

## COUNT I
### FOURTH AMENDMENT - MALICIOUS PROSECUTION

6.1 Plaintiff, Jeremiah Myers, was arrested and prosecuted for the crimes of felony sale and delivery of a schedule II drug.

6.2 Plaintiff, Clarissa Myers, was arrested and prosecuted for the crimes of felony sale of a schedule II drug.

6.3 Defendant Wilder made, participated in, and/or influenced the prosecution of Plaintiffs Jeremiah Myers and Clarissa Myers, in that he fabricated evidence against the Plaintiffs and used the evidence he knew to be false in order to obtain Indictments from the Grand Jury against Plaintiffs.

6.4 Defendant Cunningham made, participated in, and/or influenced the prosecution of Plaintiffs Jeremiah Myers and Clarissa Myers, in that he fabricated evidence against the Plaintiffs and presented evidence he knew to be false to the Grand Jury in order to secure Indictments against the Plaintiffs.

6.5     The arrest and prosecution of Plaintiff Jeremiah Myers for felony sale and delivery of a schedule II drug was without any probable cause for the following reasons:

a)     Plaintiff Jeremiah Myers did not sell or deliver a schedule II drug, and

b)     There were no facts present to suggest such, other than those facts fabricated by Defendants and known to Defendants to be false.

6.6     As a direct and proximate result of the criminal prosecution of the Plaintiff Jeremiah Myers for felony sale and delivery of a schedule II drug, the Plaintiff was deprived of his right to be free from prosecution without probable cause.

6.7     The charges against Plaintiff Jeremiah Myers of felony sale and delivery of a schedule II drug were dismissed on February 12, 2018.

6.8     The arrest and prosecution of Plaintiff Clarissa Myers for eight counts of felony sale of a schedule II drug was without any probable cause for the following reasons:

a)     Plaintiff Clarissa Myers did not sell or deliver a schedule II drug, and

b)     There were no facts present to suggest such, other than those facts fabricated by Defendants and known to Defendants to be false.

6.9     As a direct and proximate result of the criminal prosecution of the Plaintiff Clarissa Myers for eight counts of felony sale of a schedule II drug, the Plaintiff was deprived of her right to be free from prosecution without probable cause.

6.10    Pursuant to statute, Defendants Wilder and Cunningham are liable to the Plaintiffs, Jeremiah Myers and Clarissa Myers, for special and general compensatory damages, including but not limited to, emotional, physical economic, and pecuniary damages, punitive damages, and reasonable attorney's fees and costs.

## COUNT II
### FALSE ARREST AND IMPRISONMENT – VIOLATION OF 42 U.S.C.A. § 1983

7.1     Defendant Wilder fabricated evidence against Plaintiffs by knowingly paying to have persons act as though they were the Plaintiffs during staged, controlled drug buys.

7.2     Defendant Cunningham participated in the staged, controlled drug buys, and participated in the prosecution of the Plaintiffs knowing the evidence against them had been fabricated.

7.3     In committing the acts complained of herein, the Defendants Wilder and Cunningham acted under color of state law by falsely arresting, seizing, and detaining Plaintiff Jeremiah Myers with no basis in fact or law to do so.

7.4     In committing the acts complained of herein, the Defendants Wilder and Cunningham acted under color of state law by falsely arresting, seizing, and detaining Plaintiff Clarissa Myers with no basis in fact or law to do so.

7.5     In violating Mr. Myers' right to be free from false arrest and imprisonment, the Defendants Wilder and Cunningham violated Mr. Myers' rights under the Fourth Amendment to the Constitution of the United States.

7.6     In violating Mrs. Myers' right to be free from false arrest and imprisonment, the Defendants Wilder and Cunningham violated Mrs. Myers' rights under the Fourth Amendment to the Constitution of the United States.

7.7     The conduct of the Defendants described above deprived the Plaintiffs of the right to be free from prosecution without probable cause as guaranteed under the Fourth Amendment to the United States Constitution.

7.8     As a direct and proximate result of the violation of Mr. and Mrs. Myers' constitutional right to be free from false arrest by the Defendants, Officer Cunningham and Chief Wilder, Mr. and Mrs. Myers suffered general and special damages as stated herein, and is entitled to relief under 42 U.S.C. §1983 and 1988.

## COUNT III
### MUNICIPAL LIABILITY

8.1     Defendant Wilder was, at all times relevant to this complaint, acting under by virtue of or under color of his office as Chief of Police of Tracy City, Tennessee.

8.2     Defendant Wilder, as Chief of Police for Tracy City, Tennessee, is responsible for establishing final governmental policy.

8.3     Defendant Wilder, as Chief of Police for Tracy City, Tennessee, used his position as a policymaker for Tracy City, Tennessee to make the decision to fabricate evidence against Plaintiffs, leading to their arrest and prosecution for crimes they did not commit.

8.4     Defendant Wilder created a policy, procedure and custom of fabricating evidence against defendants in order to effectuate arrests.

8.5     Defendant Wilder's policy, procedure and custom fabricating evidence was the driving force behind the constitutional violations of the Plaintiffs by the Defendants.

8.6     Therefore, Tracy City is liable for the actions of Defendant Wilder.

## COUNT IV
### STATE LAW CLAIM - MALICIOUS PROSECUTION

9.1     On August 9, 2017, Plaintiff, Jeremiah Myers, was arrested and prosecuted for the crimes of felony sale and delivery of a schedule II drug.

9.2     On August 8, 2017, Plaintiff, Clarissa Myers, was arrested and prosecuted for the crimes of felony sale of a schedule II drug.

9.3     Defendant Wilder made, participated in, and/or influenced the prosecution of Plaintiffs Jeremiah Myers and Clarissa Myers, in that he fabricated evidence against the Plaintiffs and used the evidence he knew to be false in order to obtain Indictments from the Grand Jury against Plaintiffs.

9.4     Defendant Cunningham made, participated in, and/or influenced the prosecution of Plaintiffs Jeremiah Myers and Clarissa Myers, in that he fabricated evidence against the Plaintiffs and presented evidence he knew to be false to the Grand Jury in order to secure Indictments against the Plaintiffs.

9.5     The arrest and prosecution of Plaintiff Jeremiah Myers for felony sale and delivery of a schedule II drug was without any probable cause for the following reasons:

a)      Plaintiff Jeremiah Myers did not sell or deliver a schedule II drug, and

b)      There were no facts present to suggest such, other than those facts fabricated by Defendants and known to Defendants to be false.

9.6     Defendants Wilder and Cunningham acted with malice in that they acted with an improper and wrongful motive in fabricating evidence against Plaintiffs.

9.7     Defendants Wilder and Cunningham knew that they were prosecuting Plaintiffs based upon fabricated evidence and that to do so would injure Plaintiffs.

9.8     As a direct and proximate result of the criminal prosecution of the Plaintiff Jeremiah Myers for felony sale and delivery of a schedule II drug, the Plaintiff was deprived of his right to be free from prosecution without probable cause.

9.9 The charges against Plaintiff Jeremiah Myers of felony sale and delivery of a schedule II drug were dismissed on February 12, 2018.

9.10 The arrest and prosecution of Plaintiff Clarissa Myers for eight counts of felony sale of a schedule II drug was without any probable cause for the following reasons:

a) Plaintiff Clarissa Myers did not sell or deliver a schedule II drug, and

b) There were no facts present to suggest such, other than those facts fabricated by Defendants and known to Defendants to be false.

9.11 As a direct and proximate result of the criminal prosecution of the Plaintiff Clarissa Myers for eight counts of felony sale of a schedule II drug, the Plaintiff was deprived of her right to be free from prosecution without probable cause.

9.12 Pursuant to statute, Defendants Wilder and Cunningham are liable to the Plaintiffs, Jeremiah Myers and Clarissa Myers, for special and general compensatory damages.

## DAMAGES

10.1 As a direct and proximate result of the unlawful conduct of the Defendants as described above, Plaintiffs have experienced significant emotional suffering; damage to their reputation; and the embarrassment and humiliation of publicly being charged and prosecuted for the sale of schedule II drugs.

10.2 As a direct and proximate result of the unlawful conduct of Defendants as described above, the Plaintiffs have experienced significant mental anguish.

10.3    As a direct and proximate result of the unlawful conduct of the Defendants as described above, the Plaintiffs have suffered lost wages and a loss in the profitability of their business, and Mrs. Myers was fired from her job.

10.4    As a direct and proximate result of the unlawful conduct of the Defendants as described above, the Plaintiffs missed work to attend court hearings, had to hire attorneys to defend the charges against them, as well as a civil case relating to the custody of Plaintiff Jeremiah Myers' child, had to pay a bond premium to be released from jail, and had to pay an investigator in order to successfully have the criminal charge against them dismissed.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully demand judgment against Defendants, and each of them, jointly and severally as followed:

1. That proper process issue and be served upon the Defendants, requiring them to answer this Complaint within the time required by law;

2. That the Plaintiffs be awarded a judgment for compensatory damages in an amount to be determined by the trier of fact not to exceed the maximum amount allowed by law;

3. That the Plaintiffs be awarded a judgment for punitive damages in an amount that is necessary to punish the Defendants and to deter others from committing similar wrongs in the future;

4. That the Plaintiffs be awarded the costs, litigation costs, discretionary costs, pre- and post-judgment interest, and attorney's fees pursuant to 42 U.S.C. § 1988; and

5. That Plaintiffs be granted such other, further and general relief as to which they are entitled.

Respectfully submitted,

*s/ Heather G. Parker*
LUKE A. EVANS, BPR #23620
HEATHER G. PARKER, BPR #30293
Attorneys for Plaintiffs
302 N. Spring Street
PO Box 398
Murfreesboro, TN 37133-0298
(615) 896-4154
Lukeevans@bfhelaw.com
heatherparker@bfhelaw.com