# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT WINCHESTER

| | |
|---|---|
| JEREMIAH MYERS and CLARISSA MYERS )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>AJ CUNNINGHAM, CHARLIE WILDER, )<br>Individually and as Police Chief for Tracy City, )<br>Tennessee, and TRACY CITY, TENNESSEE )<br>)<br>Defendants. ) | Case No. 4:18-cv-00039-TWP-SKL |

## ANSWER OF A.J. CUNNINGHAM AND CHARLIE WILDER

Defendants, A.J. Cunningham ("AC Cunningham") and Charlie Wilder ("Chief Wilder") (collectively, AC Cunningham and Chief Wilder are referred to herein as the "Defendants"), answer the Complaint by Jeremiah Myers and Clarissa Myers ("Plaintiffs") as follows:

## I. THE PARTIES

1.1 Defendants admit the allegations of Paragraph 1.1 of the Complaint.

1.2. Defendants admit the allegations contained in the first two sentences of Paragraph 1.2 of the Complaint. Defendants admit that AC Cunningham is being sued in his official capacity and admit that he was acting in his official capacity at all times relevant to this Complaint, but deny the remaining allegations contained in the third sentence of Paragraph 1.2 of the Complaint. Defendants admit the allegations contained in the fourth sentence of Paragraph 1.2 of the Complaint.

1.3. Defendants admit the allegations contained in the first two sentences of Paragraph 1.3 of the Complaint. Defendants admit that Chief Wilder is being sued in his official capacity

and admit that he was acting in his official capacity at all times relevant to this Complaint, but deny the remaining allegations contained in the third sentence of Paragraph 1.3 of the Complaint. Defendants admit the allegations contained in the fourth sentence of Paragraph 1.3 of the Complaint.

1.4     Defendants admit the allegations contained in Paragraph 1.4 of the Complaint.

## II.     JURISDICTION

2.1     Defendants admit the allegations contained in Paragraph 2.1 of the Complaint, but state that the cited statutes do not confer jurisdiction over the claims alleged in Count IV of the Complaint.

## III.     VENUE

3.1     Defendants admit the allegations contained in Paragraph 3.1 of the Complaint.

## IV.     NATURE OF THE CASE

4.1     Defendants admit that Plaintiffs purport to bring this action, in part, under the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983, but Defendants deny that they have violated the constitutional rights of Plaintiffs. Defendants further state that Count IV of the Complaint does not purport to be brought under federal law.

## V.     FACTS

5.1     Defendants admit the allegations contained in Paragraph 5.1 of the Complaint, except that they are without information sufficient to form a belief as to the truth of the allegation that Mr. Myers was arrested on August 9, 2017.

5.2     Defendants admit the allegations contained in Paragraph 5.2 of the Complaint, except that they are without information sufficient to form a belief as to the truth of the

allegation that Mrs. Myers was arrested on August 8, 2017 and Defendants deny that all counts against Mrs. Myers were for sale of a Schedule II drug.

5.3     Defendants are without information sufficient to form a belief as to the allegations contained in Paragraph 5.3 of the Complaint.

5.4     Defendants are without information sufficient to form a belief as to the allegations contained in Paragraph 5.4 of the Complaint.

5.5     Defendants deny the allegations contained in Paragraph 5.5 of the Complaint.

5.6     Defendants admit that Chief Wilder paid the confidential informant referred to in paragraph 5.6 of the Complaint to make purchases of controlled substances from drug dealers in Tracy City. Defendants deny the remaining allegations contained in Paragraph 5.6 of the Complaint.

5.7     Defendants deny the allegations contained in Paragraph 5.7 of the Complaint.

5.8     Defendants admit that Chief Wilder paid the confidential informant referred to in paragraph 5.8 of the Complaint to make purchases of controlled substances from drug dealers in Tracy City. Defendants deny the remaining allegations contained in Paragraph 5.6 of the Complaint.

5.9     Defendants deny the allegations contained in Paragraph 5.9 of the Complaint.

5.10    Defendants deny the allegations contained in Paragraph 5.10 of the Complaint.

5.11    Defendants deny the allegations contained in Paragraph 5.11 of the Complaint.

5.12    Defendants admit that AC Cunningham was aware that the C.I. was making controlled buys, but deny that this constitutes "participation" in such controlled buys. Defendants deny that AC Cunningham knew or should have known that the charges against

Plaintiffs were fabricated by the C.I. Defendants deny that the charges were fabricated by either of the Defendants.

5.13    Defendants deny that Chief Wilder paid the CI to set up bogus sales of illegal drugs from Plaintiffs, and therefore Defendants deny that AC Cunningham could have knowledge of a scheme that did not, in fact, exist.

5.14    Defendants deny that AC Cunningham knowingly or deliberately made false statements to the Grand Jury. Defendants admit that AC Cunningham did intend that Mr. Myers would be indicted on charges that AC Cunningham thought were legitimate.

5.15    Defendants deny that AC Cunningham knowingly or deliberately made false statements to the Grand Jury. Defendants admit that AC Cunningham did intend that Mrs. Myers would be indicted on charges that AC Cunningham thought were legitimate.

5.16    Defendants deny the allegations contained in Paragraph 5.16 of the Complaint.

5.17    Defendants deny the allegations contained in Paragraph 5.17 of the Complaint because they did not know that the information they provided to the Grand Jury regarding Mr. Myers was false.

5.18    Defendants deny the allegations contained in Paragraph 5.18 of the Complaint because they did not know that the information they provided to the Grand Jury regarding Mrs. Myers was false.

5.19    Defendants admit the allegations contained in Paragraph 5.19 of the Complaint.

5.20    Defendants admit the allegations contained in Paragraph 5.20 of the Complaint.

5.21    Defendants are without information sufficient to form a belief as to the allegations contained in Paragraph 5.21 of the Complaint.

5.22 Defendants are without information sufficient to form a belief as to the allegations contained in Paragraph 5.22 of the Complaint.

5.23 Defendants admit the allegations contained in Paragraph 5.23 of the Complaint.

5.24 Defendants deny the allegations contained in Paragraph 5.24 of the Complaint.

5.25 Defendants deny that they took any actions that violated the rights of Plaintiffs. Defendants admit that they acted under color of law and were acting in their official capacities as law enforcement officers in seeking indictments against Plaintiffs for what Defendants believed were actual sales and deliveries of controlled substances by Plaintiffs.

5.26 Defendants admit the allegations contained in Paragraph 5.26 of the Complaint because Defendants believed that Plaintiffs had participated in the sale and delivery of controlled substances.

5.27 Defendants deny the allegations contained in Paragraph 5.27 of the Complaint.

5.28 Defendants deny the allegations contained in Paragraph 5.28 of the Complaint.

5.29 Defendants deny the allegations contained in Paragraph 5.29 of the Complaint.

## COUNT I
## FOURTH AMENDMENT – MALICIOUS PROSECUTION

6.1 Defendants admit the allegations contained in Paragraph 6.1 of the Complaint.

6.2 Defendants admit the allegations contained in Paragraph 6.2 of the Complaint.

6.3 Defendants admit that Chief Wilder made, participated in, and/or influenced the prosecution of Plaintiffs. Defendants deny the remaining allegations contained in Paragraph 6.3 of the Complaint, and specifically deny that Chief Wilder fabricated evidence against the Plaintiffs or used evidence he knew to be false.

6.4 Defendants admit that AC Cunningham made, participated in, and/or influenced the prosecution of Plaintiffs. Defendants deny the remaining allegations contained in Paragraph

6.4 of the Complaint, and specifically deny that AC Cunningham fabricated evidence against the Plaintiffs or used evidence he knew to be false.

6.5     Defendants are without information sufficient to form a belief as to the truth of the allegation that Mr. Myers did not sell or deliver a Schedule II drug. Defendants deny the remaining allegations contained in Paragraph 6.5 of the Complaint.

6.6     Defendants deny the allegations contained in Paragraph 6.6 of the Complaint.

6.7     Defendants admit the allegations contained in Paragraph 6.7 of the Complaint.

6.8     Defendants are without information sufficient to form a belief as to the truth of the allegation that Mrs. Myers did not sell or deliver a Schedule II drug. Defendants deny the remaining allegations contained in Paragraph 6.8 of the Complaint.

6.9     Defendants deny the allegations contained in Paragraph 6.9 of the Complaint.

6.10    Defendants deny the allegations contained in Paragraph 6.10 of the Complaint.

## COUNT II
## FALSE ARREST AND IMPRISONMENT – VIOLATION OF 42 U.S.C.A. § 1983

7.1     Defendants deny the allegations contained in Paragraph 7.1 of the Complaint.

7.2     Defendants deny the allegations contained in Paragraph 7.2 of the Complaint.

7.3     Defendants deny the allegations contained in Paragraph 7.3 of the Complaint.

7.4     Defendants deny the allegations contained in Paragraph 7.4 of the Complaint.

7.5     Defendants deny the allegations contained in Paragraph 7.5 of the Complaint.

7.6     Defendants deny the allegations contained in Paragraph 7.6 of the Complaint.

7.7     Defendants deny the allegations contained in Paragraph 7.7 of the Complaint.

7.8     Defendants deny the allegations contained in Paragraph 7.8 of the Complaint.

## COUNT III
## MUNICIPAL LIABILITY

8.1     Defendants admit the allegations contained in Paragraph 8.1 of the Complaint.

8.2     Defendants deny the allegations contained in Paragraph 8.2 of the Complaint.

8.3     Defendants deny the allegations contained in Paragraph 8.3 of the Complaint.

8.4     Defendants deny the allegations contained in Paragraph 8.4 of the Complaint.

8.5     Defendants deny the allegations contained in Paragraph 8.5 of the Complaint, and further state that Chief Wilder did not commit a constitutional violation.

8.6     Defendants deny the allegations contained in Paragraph 8.6 of the Complaint, and further state that Chief Wilder did not commit a constitutional violation.

## COUNT IV
## STATE LAW CLAIM – MALICIOUS PROSECUTION

9.1     Defendants admit the allegations contained in Paragraph 9.1 of the Complaint, except that they are without information sufficient to form a belief as to the truth of the allegation that Mr. Myers was arrested on August 9, 2017.

9.2     Defendants admit the allegations contained in Paragraph 9.2 of the Complaint, except that they are without information sufficient to form a belief as to the truth of the allegation that Mrs. Myers was arrested on August 8, 2017 and Defendants deny that all counts against Mrs. Myers were for sale of a Schedule II drug.

9.3     Defendants admit that Chief Wilder made, participated in, and/or influenced the prosecution of Plaintiffs.  Defendants deny the remaining allegations contained in Paragraph 9.3 of the Complaint, and specifically deny that Chief Wilder fabricated evidence against the Plaintiffs or used evidence he knew to be false.

9.4     Defendants admit that AC Cunningham made, participated in, and/or influenced the prosecution of Plaintiffs.  Defendants deny the remaining allegations contained in Paragraph 9.4 of the Complaint, and specifically deny that AC Cunningham fabricated evidence against the Plaintiffs or used evidence he knew to be false.

9.5     Defendants are without information sufficient to form a belief as to the truth of the allegation that Mr. Myers did not sell or deliver a Schedule II drug.  Defendants deny the remaining allegations contained in Paragraph 9.5 of the Complaint.

9.6     Defendants deny the allegations contained in Paragraph 9.6 of the Complaint.

9.7     Defendants deny the allegations contained in Paragraph 9.7 of the Complaint.

9.8     Defendants deny the allegations contained in Paragraph 9.8 of the Complaint.

9.9     Defendants admit the allegations contained in Paragraph 9.9 of the Complaint,

9.10    Defendants are without information sufficient to form a belief as to the truth of the allegation that Mrs. Myers did not sell or deliver a Schedule II drug.  Defendants deny the remaining allegations contained in Paragraph 9.10 of the Complaint.

9.11    Defendants deny the allegations contained in Paragraph 9.11 of the Complaint.

9.12    Defendants deny the allegations contained in Paragraph 9.12 of the Complaint.

## DAMAGES

10.1.   Defendants deny the allegations contained in paragraph 10.1 of the complaint.

10.2.   Defendants deny the allegations contained in paragraph 10.2 of the complaint.

10.3    Defendants deny the allegations contained in paragraph 10.3 of the complaint.

10.4    Defendants deny the allegations contained in paragraph 10.3 of the complaint.

## REQUESTS FOR RELIEF

Defendants deny that they committed a constitutional violation or violated the common law rights of Plaintiffs. Defendants deny that Plaintiff is entitled to any relief on their Complaint.

## AFFIRMATIVE DEFENSES

1. To the extent that Plaintiff's Complaint in this action fails to state a cause of action or any claim for relief against the Defendants, this Court should dismiss the Complaint in its entirety or the Plaintiff's specific allegations which do not state a claim.

2. No action or inaction of the Defendants deprived Plaintiff of any interest protected by the Federal Constitution.

3. In the alternative, if the Court finds that Defendants violated any right of the Plaintiffs, the right was not clearly established under the circumstances at issue in this case.

4. Defendants affirmatively plead and rely upon the defense of qualified immunity, such that it should be clear that any reasonable officer considering the totality of the circumstances upon which this action is based would have acted as they did under the circumstances.

5. Defendants affirmatively plead and rely upon the defense of absolute immunity with respect to their preparation for and testimony as witnesses before the grand jury.

6. Defendants aver that no action or inaction on their part was the proximate cause of the Plaintiffs' alleged damages.

7. Defendants are not liable to Plaintiff for attorney's fees, costs or any other form of damage or relief requested in this action.

8. Defendants request that they be awarded attorney's fees as well as costs and expenses pursuant to the provisions of 42 U.S.C. § 1988 and as otherwise provided by law.

9. Defendants request that they be awarded attorney's fees as well as costs and expenses pursuant to the provisions of Tenn. Code Ann. § 29-20-113(a), to the extent such statute is applicable.

10. The complaint fails to state a claim upon which relief can be granted with regard to punitive damages against Defendants, and, therefore, any request for punitive damages should be dismissed.

11. In the alternative, Defendants request bifurcation on any punitive damage issues.

12. The Defendants specifically request a jury to try those issues which are properly tried by a jury.

13. The Defendants specifically reserve the right to amend this pleading and plead further based upon the facts that become available during the discovery process.

WHEREFORE, having fully answered the Complaint, the Defendants pray that Plaintiffs take nothing by way of the filing of this action, that this Court dismiss Plaintiffs' claims with prejudice and that this Court assess all costs and discretionary costs against the Plaintiffs and, to the extent permissible by law, this Court tax the Defendants' attorney's fees and costs against the Plaintiff pursuant to 42 U.S.C. § 1988 and Tenn. Code Ann. § 29-20-113(a).

Respectfully submitted,

*/s/ Mark E. McGrady*_____
Mark E. McGrady (#30026)
Farrar & Bates, LLP
211 7th Ave. North, Ste. 500
Nashville, TN 37219
(615) 254-3060
*Attorney for Defendants, AJ Cunningham
and Charlie Wilder*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 24th day of July, 2018, a true and correct copy of the foregoing document was forwarded to the following via the court's electronic filing system:

Luke A. Evans, (#23620)
Heather G. Parker, BPR # 30293
302 N. Spring Street
PO Box 398
Murfreesboro, TN 37133-0398
*Attorneys for Plaintiffs*

Dan R. Pilkington, (#24660)
Watson, Roach, Batson, Rowell & Lauderback
1500 Riverview Tower
900 S. Gay Street
P.O. Box 131
Knoxville, TN 37901
*Attorney for Tracy City, Tennessee*

*/s/ Mark E. McGrady*_____
Mark E. McGrady
