# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| JEREMIAH MYERS, and<br>CLARISSA MYERS,<br><br>    Plaintiffs,<br><br>v.<br><br>AJ CUNNINGHAM, CHARLIE WILDER,<br>Individually and as Police Chief for Tracy City,<br>Tennessee, and TRACY CITY, TENNESSEE,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)  No. 4:18-cv-00039-TWP-SKL<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT TRACY CITY, TENNESSEE'S
## ANSWER TO COMPLAINT

The Defendant, Tracy City, Tennessee, hereby appears, by and through counsel, and responds to Plaintiffs' Complaint [Doc. 1] as follows:

1.1 The allegations contained in numbered paragraph 1.1 are admitted upon information and belief.

1.2 In response to the allegations contained in paragraph 1.2, it is admitted that Defendant Cunningham is employed as a police officer with Tracy City. As to the remaining allegations, the Defendant is without sufficient knowledge to admit or deny the allegations. The allegations are therefore denied as written and placed at issue with strict proof required thereof.

1.3 In response to the allegations contained in paragraph 1.3, it is admitted that Defendant Wilder is employed as the Chief of Police with Tracy City. As to the remaining allegations, the Defendant is without sufficient knowledge to admit or

deny the allegations. The allegations are therefore denied as written and placed at issue with strict proof required thereof.

1.4    The allegations in paragraph 1.4 are admitted.

2.1    It is admitted that this Court has jurisdiction to hear claims brought pursuant to 42 U.S.C. § 1983. It is denied that Plaintiff's Complaint states a claim against this Defendant.

3.1    It is admitted that, to the extent Plaintiff's Complaint states a claim against this Defendant, venue is proper.

4.1    In response to the allegations contained in paragraph 4.1, the Defendant is without sufficient knowledge to admit or deny the allegations. It is specifically denied that any actions of this Defendant have violated the constitutional rights of the Plaintiffs. The remaining allegations are therefore denied as written and placed at issue with strict proof required thereof.

5.1    The allegations in paragraph 5.1 are admitted, except that the Defendant is without sufficient knowledge to admit or deny the date on which Plaintiff was arrested.

5.2    The allegations in paragraph 5.2 are admitted, except that the Defendant is without sufficient knowledge to admit or deny the date on which Plaintiff was arrested.

5.3    In response to the allegations contained in paragraph 5.3, the Defendant is without sufficient knowledge to admit or deny the allegations. The allegations are therefore denied as written and placed at issue with strict proof required thereof.

5.4    In response to the allegations contained in paragraph 5.4, the Defendant is without sufficient knowledge to admit or deny the allegations. The allegations are therefore denied as written and placed at issue with strict proof required thereof.

5.5     The allegations in paragraph 5.5 are denied.

5.6     The allegations in paragraph 5.6 are denied.

5.7     The allegations in paragraph 5.7 are denied as written.

5.8     The allegations in paragraph 5.8 are denied.

5.9     The allegations in paragraph 5.9 are denied.

5.10    The allegations in paragraph 5.10 are denied.

5.11    The allegations in paragraph 5.11 are denied.

5.12    The allegations in paragraph 5.12 are denied as written.

5.13    The allegations in paragraph 5.13 are denied.

5.14    The allegations in paragraph 5.14 are denied as written.

5.15    The allegations in paragraph 5.15 are denied as written.

5.16    The allegations in paragraph 5.16 are denied.

5.17    The allegations in paragraph 5.17 are denied.

5.18    The allegations in paragraph 5.18 are denied.

5.19    In response to the allegations contained in paragraph 5.19, the Defendant is without sufficient knowledge to admit or deny the allegations. The allegations are therefore denied as written and placed at issue with strict proof required thereof.

5.20    In response to the allegations contained in paragraph 5.20, the Defendant is without sufficient knowledge to admit or deny the allegations. The allegations are therefore denied as written and placed at issue with strict proof required thereof.

5.21    In response to the allegations contained in paragraph 5.21, the Defendant is without sufficient knowledge to admit or deny the allegations. The allegations are therefore denied as written and placed at issue with strict proof required thereof.

5.22    In response to the allegations contained in paragraph 5.22, the Defendant is without sufficient knowledge to admit or deny the allegations. The allegations are therefore denied as written and placed at issue with strict proof required thereof.

5.23    In response to the allegations contained in paragraph 5.23, the Defendant is without sufficient knowledge to admit or deny the allegations. The allegations are therefore denied as written and placed at issue with strict proof required thereof.

5.24    The allegations in paragraph 5.24 are denied.

5.25    In response to the allegations contained in paragraph 5.25, the Defendant is without sufficient knowledge to admit or deny the allegations. The allegations are therefore denied as written and placed at issue with strict proof required thereof.

5.26    In response to the allegations contained in paragraph 5.26, the Defendant is without sufficient knowledge to admit or deny the allegations. The allegations are therefore denied as written and placed at issue with strict proof required thereof.

5.27    The allegations in paragraph 5.27 are denied.

5.28    The allegations in paragraph 5.28 are denied.

5.29    The allegations in paragraph 5.29 are denied.

6.1     The allegations in paragraph 6.1 are admitted.

6.2     The allegations in paragraph 6.2 are admitted.

6.3     The allegations in paragraph 6.3 are denied as written.

6.4     The allegations in paragraph 6.4 are denied as written.

6.5     The allegations in paragraph 6.5 are denied as written.

6.6     The allegations in paragraph 6.6 are denied.

6.7     The allegations in paragraph 6.7 are admitted.

6.8 The allegations in paragraph 6.8 are denied as written.

6.9 The allegations in paragraph 6.9 are denied.

6.10 The allegations in paragraph 6.10 are denied.

7.1 The allegations in paragraph 7.1 are denied.

7.2 The allegations in paragraph 7.2 are denied.

7.3 The allegations in paragraph 7.3 are denied.

7.4 The allegations in paragraph 7.4 are denied.

7.5 The allegations in paragraph 7.5 are denied.

7.6 The allegations in paragraph 7.6 are denied.

7.7 The allegations in paragraph 7.7 are denied.

7.8 The allegations in paragraph 7.8 are denied.

8.1 In response to the allegations contained in paragraph 8.1, the Defendant is without sufficient knowledge to admit or deny the allegations. The allegations are therefore denied as written and placed at issue with strict proof required thereof.

8.2 The allegations in paragraph 8.2 are denied.

8.3 The allegations in paragraph 8.3 are denied.

8.4 The allegations in paragraph 8.4 are denied.

8.5 The allegations in paragraph 8.5 are denied.

8.6 The allegations in paragraph 8.6 are denied.

9.1 The allegations in paragraph 9.1 are admitted, except that the Defendant is without sufficient knowledge to admit or deny the date on which Plaintiff was arrested.

9.2 The allegations in paragraph 9.2 are admitted, except that the Defendant is without sufficient knowledge to admit or deny the date on which Plaintiff was arrested.

9.3    The allegations in paragraph 9.3 are denied as written.

9.4    The allegations in paragraph 9.4 are denied a written.

9.5    The allegations in paragraph 9.5 are denied as written.

9.6    The allegations in paragraph 9.6 are denied.

9.7    The allegations in paragraph 9.7 are denied.

9.8    The allegations in paragraph 9.8 are denied.

9.9    The allegations in paragraph 9.9 are admitted.

9.10   The allegations in paragraph 9.10 are denied as written.

9.11   The allegations in paragraph 9.11 are denied.

9.12   The allegations in paragraph 9.12 are denied.

10.1   The allegations in paragraph 10.1 are denied.

10.2   The allegations in paragraph 10.2 are denied.

10.3   The allegations in paragraph 10.3 are denied.

10.4   In response to the allegations contained in paragraph 10.4, the Defendant is without sufficient knowledge to admit or deny the allegations. The allegations are therefore denied as written and placed at issue with strict proof required thereof.

11.    The Plaintiffs' prayer for relief should be dismissed and any claims contained therein are denied.

12.    The Plaintiffs' claims are time barred by the applicable statute of limitations to claims arising under 42 U.S.C. §1983.

13.    The Defendant maintains that the Complaint fails to state a claim upon which relief may be granted and should be dismissed.

14.    The Defendant affirmatively maintains that upon a dismissal of the claims raised

against it, the Defendant is entitled to recovery of attorney's fees pursuant to 42 U.S.C. §1988.

15. The Defendant affirmatively pleads the defense of absolute immunity with respect to any grand jury testimony of its agents or employees.

16. The Defendant further maintains that it is entitled to all reasonable costs and other expenses incurred in the defense of this matter to the extent allowable by law.

17. The Defendant affirmatively asserts the doctrine of qualified immunity as a defense to all claims raised by the Plaintiffs.

18. The Defendant affirmatively maintains that all actions by Defendants Cunningham and Wilder were reasonable, appropriate and lawful as a matter of law.

19. This Defendant respectfully requests that a jury be impaneled to try the causes of actions raised by the Plaintiffs to the extent the same is allowable by law.

20. Anything not previously admitted or denied is hereby denied as if the same is specifically set out herein.

Respectfully submitted this 26th day of July, 2018.

                            TRACY CITY, TENNESSEE

By: /s/Dan R. Pilkington, BRP No. 24660
DAN R. PILKINGTON, BPR NO. 24660
WATSON, ROACH, BATSON,
ROWELL & LAUDERBACK, P.L.C.
Attorney for Defendants
P.O. Box 131
Knoxville, Tennessee 37901-0131
(865) 637-1700

# CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system:

      Heather G. Parker
      Luke A. Evans
      BULLOCH, FLY, HORNSBY & EVANS
      302 N. Spring Street
      P.O. Box 398
      Murfreesboro, TN 37133-0398

      Mark E. McGrady
      FARRAR & BATES
      211 7th Ave N. Suite 500
      Nashville, Tennessee 37219-1823

Dated this 26th day of July, 2018.

      By:    /s/Dan R. Pilkington, BPR No. 24660
                  DAN R. PILKINGTON, BPR NO. 24660
                  WATSON, ROACH, BATSON,
                  ROWELL & LAUDERBACK, P.L.C.
                  Attorney for Defendants
                  P.O. Box 131
                  Knoxville, Tennessee 37901-0131
                  (865) 637-1700