## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## AT WINCHESTER

| | | |
|---|---|---|
| **JEREMIAH MYERS and** | ) | |
| **CLARISSA MYERS** | ) | |
| | ) | |
| *Plaintiffs,* | ) | **Case No. 4:18-CV-00039-TWP-SKL** |
| | ) | |
| **v.** | ) | **Hon. Judge Thomas W. Phillips** |
| | ) | |
| **A.J. CUNNINGHAM; CHARLIE** | ) | |
| **WILDER, Individually and as** | ) | |
| **Police Chief for Tracy City,** | ) | |
| **Tennessee; and TRACY CITY,** | ) | |
| **TENNESSEE** | ) | |
| | ) | |
| *Defendants.* | ) | |

## JOINT MOTION OF THE PARTIES FOR ORDER ALLOWING ACCESS TO THE MEDICAL, EMPLOYMENT, EDUCATIONAL, PSYCHOLOGICAL, AND OTHER RECORDS OF PLAINTIFFS

**COMES NOW** Defendants A.J. Cunningham and Charlie Wilder (hereinafter "Defendants"), by and through counsel, and moved this Honorable Court for an Order pursuant to Rule 34 of the Federal Rules of Civil Procedure to allow access to the medical, employment, educational, psychological, alcohol and/or drug treatment, and other records of the Plaintiffs Jeremiah Myers and Clarissa Myers (hereinafter "Plaintiffs").

In support of this Motion, Defendants would show that Plaintiffs' Complaint alleges that the Individual Defendants and the City of Tracy City, Tennessee deprived Plaintiffs of rights secured by the United States Constitution and the laws of the State of Tennessee. Compl. ¶¶ 7.6, 9.12.

The Complaint alleges that the Individual Defendants' acts and omissions resulted in damages in the form of "significant emotional suffering; damages to their reputation; and the embarrassment and humiliation of publicly being charged and prosecuted; […] [and] lost wages and loss in the profitability of their business." Compl. ¶¶ 10.1, 10.3. As such, the records documenting such injuries are highly relevant.

Plaintiffs' Complaint demands an award of compensatory damages, yet fails to attribute a numerical value to the same. The Complaint does not specify what portion, if any, of said damages are attributable to emotional suffering, damage to reputation, embarrassment and humiliation, lost wages, or loss in the profitability of their business. Conceivably, damages in the form of loss in profitability of one's business would be readily identifiable, yet no such valuation is identifiable in Plaintiffs' Complaint.

Further, many aspects of Plaintiff's life are relevant in determining the value of Plaintiff's alleged injuries relative to Plaintiff's claim for future loss resultant of the alleged acts of Defendants. Defendants submit that these allegations are sufficient to allow access to Plaintiffs' medical, psychological, drug/alcohol treatment, employment, education, and other records.

Plaintiff's Medical, Psychological, Employment, Drug Testing/Treatment Records, and other similar records are highly relevant to the reasonableness of Defendants' actions. A person's apparent unstable mental state is a highly relevant factor that must be considered analyzing an Officer's probable cause determination. *See Mullenix v. Luna*, 136 S. Ct. 305, 311 (2015) ("the court … concluded that the deputy had reason to believe [the plaintiff] was dangerous based on his unstable state of mind …" (summarizing *Long v. Slaton*, 508 F.3d 576, 581-82 (11th Cir. 2007)); *Roell v. Hamilton Cnty., Ohio/Hamilton Cnty. Bd. Of Cnty. Comm'rs*, 870 F.3d 471, 482 (6th Cir. 2017) ("The totality of the circumstances includes 'the fact that at the time of the …

struggle, the defendant officers had reason to believe [the plaintiff] was either on drugs or mentally unstable.'") (holding that officers did not act unreasonably by restraining a delirious man who later died from asphyxiation.)

Defendants respectfully contends that it is appropriate and indeed imperative for the Individual Defendants, to have access to these records in advance of discovery depositions in order to fully and competently evaluate this claim and to efficiently represent Defendants. This request is for attorney W. Gerald Tidwell and Tidwell & Associates and attorneys Mark McGrady and Farrar & Bates to have access to the records requested in this motion.

**APPROVED FOR ENTRY:**

**TIDWELL & ASSOCIATES, P.C.**

*/s/ W. Gerald Tidwell, Jr.*
W. Gerald Tidwell, Jr., BPR #10136
1810 McCallie Ave.
P.O. Box 4369
Chattanooga, TN 37405
(423) 602-7511 (Telephone)
(423) 602-7515 (Facsimile)
wgt@tidwellandassociates.com
*Attorney for Defendants A.J. Cunningham and Charlie Wilder*

**FARRAR & BATES, LLP**

*/s/ Mark E. McGrady*
Mark E. McGrady, BPR # 30026
211 Seventh Ave. North, Ste. 500
Nashville, TN 37219
(615) 254-3060 (Telephone)
(615) 254-9835 (Facsimile)
mark.mcgrady@farrar-bates.com
*Counsel for Defendants A.J. Cunningham and Charlie Wilder*

**WATSON, ROACH, BATSON, ROWELL, & LAUDERBACK**

**/s/      *Dan R. Pilkington***
Dan R. Pilkington, BPR # 24660
Emily C. Taylor, BPR # 02157
900 South Gay Street
1500 Riverview Tower
P.O. Box 131
Knoxville, TN 37901
(865) 637-1700 (Telephone)
(865) 525-2514 (Facsimile)
dpilkington@watsonroach.com
etaylor@watsonroach.com
***Counsel for Defendant Tracy City, Tennessee***

**BULLOCH, FLY, HORNSBY & EVANS**

**/s/      *Heather G. Parker***
Heather G. Parker, BPR # 30293
Luke A. Evans, BPR # 23620
302 N. Spring Street
P.O. Box 398
Murfreesboro, Tennessee 37133
(615) 896-4154 (Telephone)
(615) 896-4152 (Facsimile)
heatherparker@bfhelaw.com
lukeevans@bfhelaw.com
***Counsel for Plaintiffs***