# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT WINCHESTER

| | |
|---|---|
| JEREMIAH MYERS and <br> CLARISSA MYERS, <br><br>     PLAINTIFFS, <br><br> vs. <br><br> AJ CUNNINGHAM, CHARLIE WILDER, <br> and TRACY CITY, TENNESSEE, <br><br>     DEFENDANTS. | Case No. 4:18-cv-00039-TWP-SKL <br> JURY DEMAND |

## MEMORANDUM
(IN SUPPORT OF MOTION TO AMEND COMPLAINT)

Come Plaintiffs Jeremiah and Clarissa Myers, pursuant to Rule 15 of the Federal Rules of Civil Procedure and Local Rule 15.1, and respectfully submit the following Memorandum in support of their motion to amend the original complaint. In support of this motion, the Plaintiffs would further show the Court as follows:

## FACTS AND PROCEDURAL HISTORY

This case involves a claim for false arrest and malicious prosecution based on criminal charges brought against Mr. and Mrs. Myers by Defendants Wilder and Cunningham arising from an operation using a confidential informant in May of 2017. Defendants Wilder and Cunningham claimed that Mr. and Mrs. Myers sold controlled substances to a confidential informant. The confidential informant, however, later claimed that Defendants Wilder and Cunningham had simply used her to set up Mr. and Mrs. Myers and that the confidential informant had not actually purchased controlled substances from the Plaintiffs.

On June 27, 2018, Plaintiffs filed the present lawsuit based on the information

provided by the confidential informant that Defendants Wilder and Cunningham had conspired to charge them with the sale of controlled substances. The Defendants have denied that they engaged in any such conduct with the confidential informant, Tina Prater.

The parties have completed significant discovery in this matter including the depositions of Defendants Wilder and Cunningham. The deposition of Tina Prater was scheduled to take place on June 26, 2019. However, Ms. Prater did not show up for the deposition. Counsel for Defendants Wilder and Cunningham have indicated that they will attempt to reschedule Ms. Prater's deposition for a different date in the future.[1]

At the present time, based on the information discovered to date, it is evident that even if Ms. Prater is lying about conspiring with Defendants Wilder and Cunningham, Defendants Wilder and Cunningham were aware of facts at the time they used Ms. Prater as a confidential informant that she was not reliable and that any information brought to them by her would have to be corroborated through other means. It is also evident that no information was corroborated by Defendants Wilder and Cunningham. It is also evident from the information discovered to date, that Defendant Wilder acted as the final policy maker for Defendant Tracy City regarding its policies and procedures in using a confidential informant and that the policies and procedures he put in place were deficient to the point of being deliberately indifferent to the constitutional rights of individuals who were the subject of operations using confidential informants.

Because the Defendants failed to corroborate the information provided to them by Ms. Prater, they did not have probable cause to charge the Plaintiffs with any crimes. A

---

[1] The Defendants had indicated that Ms. Pater's deposition might be rescheduled to coincide with the viewing of the pills alleged to have been provided by Ms. Pater to the Defendants which took place on July 30, 2019. However, Ms. Prater's deposition was again not able to be taken at this time.

claim for malicious prosecution under Section 1983 does not require a showing of malice or that the defendant actually conspired with a confidential informant. Therefore, Plaintiffs seek to amend the complaint to add as alternative allegations the facts discovered to date. These allegations include that Ms. Prater was not a reliable informant and that there was no reasons for Defendants Wilder and Cunningham to believe her to be at the time she was used by them. These allegations also include the fact that there was information within the Defendants' knowledge that would have caused any other reasonable officer to know that there was no probable cause to arrest or charge Mr. and Mrs. Myers with any crime.

Plaintiffs also previously agreed with the Defendants to remove the claim for damages related to loss of business profits. Therefore, as an additional amendment, the Plaintiffs are removing the claim for lost profits.

## LAW AND ARGUMENT

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. The rule states in part, "The court should freely give leave when justice so requires." This phrase has been interpreted by the Sixth Circuit to mean that cases should be tried on their merits. ***Inge v. Rock Financial Corp.***, 388 F.3d 930, 937 (6th Cir. 2004). See also ***Greenburg v. Life Ins. Co. of VA.***, 177 F.3d 507, 522 (6th Cir. 1999) and ***Howard v. Kerr Glass Mfg. Co.***, 699 F.2d 330, 333 (6th Cir. 1983) (Amendments to pleadings are to be viewed with liberality by the courts, particularly when there is no surprise to the adverse party).

"In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated

failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." ***Brumbalough v. Camelot Care Centers, Inc.***, 427 F.3d 996, 1001 (6th Cir. 2005). An amendment is futile when the proposed amendment cannot survive a motion to dismiss. ***Miller v. Calhoun County***, 408 F.3d 803, 817 (6th Cir. 2005).

In the present case, there was no undue delay in filing the motion to amend the complaint. The deadline to amend the pleadings has not passed.[2] The facts which gave rise to the proposed amendment also did not come to light until after the depositions of Defendant Wilder and Cunningham were taken on June 4, 2019, and a physical inspection of the alleged pills performed the day this motion is being filed, July 30, 2019. It was hoped that the deposition of the confidential informant would also have been completed by now. However, Tina Prater did not show up for her scheduled deposition.

Plaintiffs have, therefore, actually attempted to expedite this amendment. While the information giving rise to the amendment was new to Mr. and Mrs. Myers, it certainly was not new to the Defendants. They were well aware of the fact that they were using a confidential informant who had no history of being an informant in the past nor any history for reliability, had a criminal history which included crimes involving dishonest acts, and that there were no policies or procedures in place to independently verify or corroborate the information being provided by the confidential informant.

Likewise, the Plaintiffs have not brought this amendment in bad faith. Their claims for false arrest and malicious prosecution have not changed. They are only adding some additional facts which form an alternative basis to support such claim. Ms. Prater is clearly

---

[2] The scheduling order (Document No. 20) provides that motions to amend the pleadings must be filed no later than 150 days before trial. The trial is currently scheduled for January 14, 2020, making the deadline for amendments August 17, 2019. Therefore, this motion is timely.

not an honest person.  She either lied to the Defendants, is lying now, or lied both times.  However, based on the information obtained from the Defendants, it is now apparent that Ms. Prater was unreliable at the time the Defendants chose to use her as a confidential informant regardless of her past or present dishonesty.

The Plaintiffs have not previously sought to amend their complaint.  Therefore, they have not failed to cure any prior deficiencies with other amendments.

There is no prejudice to the Defendants.  The information that forms the basis of the amendments was obtained directly from them.  Not only are they aware of these facts, there are no other witnesses who need to be deposed or have information related to these facts because the evidence came directly from them in their depositions.  The underlying claims against them also have not changed.  The Plaintiffs are not bringing any new claims and are only supplementing the existing claims with facts discovered during the litigation.

Finally, these amendments are not futile.  The elements for a malicious prosecution claim under Section 1983 are well known.  These elements include:

> "(1) that a criminal prosecution was initiated against the plaintiff and that the defendant ma[d]e, influence[d], or participate[d] in the decision to prosecute; (2) that there was a lack of probable cause for the criminal prosecution; (3) that, as a consequence of a legal proceeding, the plaintiff suffered a deprivation of liberty ... apart from the initial seizure; and (4) that the criminal proceeding must have been resolved in the plaintiff's favor."  **Jackson v. City of Cleveland**, 920 F.3d 340, 365 - 366 (6th Cir. 2019)(citing **Mills v. Barnard**, 869 F.3d 473, 479-80 (6th Cir. 2017)(alterations in original)(internal quotation marks omitted) (quoting **Sykes v. Anderson**, 625 F.3d 294, 308-09 (6th Cir. 2010)).

Of these elements, the only issue of dispute in this case is whether the Defendants lacked probable cause for the criminal prosecution.[3]  Obviously, if the Defendants

---

[3] An unlawful arrest claim also requires lack of probable cause as an element of the claim.  See **Sykes** at 305.

conspired with Tina Prater to knowingly charge Mr. and Mrs. Myers for crimes they did not commit, there would have been no probable cause to have them arrested or prosecute them for any crime.

However, even if Ms. Prater's conspiracy with the Defendants never existed, there was still a lack of probable cause because the arrest and prosecution of Mr. and Mrs. Myers was based solely on information provided by an unreliable confidential informant. "Probable cause is created only by eyewitness allegations that are reasonably trustworthy." ***Wesley v. Campbell***, 779 F.3d 421, 429 - 430 (6th Cir. 2015)(citing ***Logsdon v. Hains***, 492 F.3d 334, 342 (6th Cir. 2007)(quoting ***Beck v. Ohio***, 379 U.S. 89, 91 (1964)).

In ***Gardenhire v. Schubert***, 205 F.3d 303, 318 (6th Cir. 2000), the Sixth Circuit reiterated and made clear that:

> A police officer has probable cause only when he discovers reasonably reliable information that the suspect has committed a crime. And, in obtaining such reliable information, an officer cannot look only at the evidence of guilt while ignoring all exculpatory evidence. Rather, the officer must consider the totality of the circumstances, recognizing both the inculpatory *and* exculpatory evidence, before determining if he has probable cause to make an arrest. (Emphasis in original)(Internal citations omitted).

Furthermore, "an officer 'cannot simply turn a blind eye' toward evidence favorable to the accused, or 'ignore information which becomes available in the course of routine investigations.' ***Wesley***, 779 F.3d at 429 (quoting ***Ahlers v. Schebil***, 188 F.3d 365, 372 (6th Cir. 1999) and ***Fridley v. Horrighs***, 291 F.3d 867, 873 (6th Cir. 2002)).

The proposed amendments include allegations that the Defendants were aware of facts that demonstrated Ms. Prater was not trustworthy. First, she had never been used as a confidential informant before. Therefore, she had no history as a reliable informant. Her criminal history, which was known to the Defendants, included only crimes of

dishonesty. While the Defendants searched Ms. Prater prior to and after each controlled buy, they did nothing to corroborate her claim that Mr. and Mrs. Myers were the ones involved in these transactions.

Neither of the Defendants followed Ms. Prater to confirm she actually met with Mr. or Mrs. Myers. No video of the transactions was made. Instead, an audio recording was made that did not contain enough information to corroborate the identity of either Mr. or Mrs. Myers. In fact, the three audio recordings of Mrs. Myers did not even contain the voice of the same person purporting to be Mrs. Myers.[4]

The transactions were supposed to be for narcotic pain pills. However, the pills that were provided to the Defendants by Ms. Prater were not actually controlled substances. This was confirmed by a mere visual inspection by the Tennessee Bureau of Investigation. Likewise, the parties just conducted an inspection of the alleged "narcotic" pills. Each were easily identifiable as non-narcotics. Each of the pills had clear markings which make them identifiable as either Naproxen, a Nonsteroidal anti-inflammatory or "NSAID" pain reliever, or Flexeril, the brand name of the muscle relaxer "cyclobenzaprine."

Neither of these drugs are controlled under the Controlled Substances Act and certainly are not Schedule II drugs as alleged by the Defendants. However, having an informant who performs a controlled buy and produces pills which are not even a visual match with a controlled substance would be enough information alone to raise serious red flags that the informant and the informant's information was not reliable.

The Defendants also did not do anything to corroborate Ms. Prater's claim that Mr.

---

[4] Even Defendant Wilder admitted that when he actually went back and listened to the recordings to determine the identity of the voices there was at least one of them that was *not* Mrs. Myers. See Deposition of Charlie Wilder at p. 154, ln. 15 - 19 previously filed at Document No. 41-1.

and Mrs. Myers had sold her controlled substances. In fact, Ms. Prater claimed that Mr. Myers was getting the pills from a pain doctor who was willing to prescribe these pills with very few questions. The Defendants, as members of law enforcement, could have checked Tennessee's Controlled Substance Monitoring Database to verify that Mr. Myers was actually being prescribed pills or tried to follow up with the pain clinic where these prescriptions were being given. They chose not to do so.

These facts demonstrate that the Defendants had information within their knowledge that would have made a reasonable law enforcement officer have serious doubts about the veracity of Ms. Prater's claims. Because of those serious doubts, the Defendants could not merely rely on Ms. Prater's allegations to prosecute Mr. and Mrs. Myers. The amendment, therefore is not futile and should be granted.

Finally, the parties have agreed to remove a claim made by the Plaintiffs regarding loss of profits for a automotive repair business owned by the Plaintiffs. Proof of the exact amount of lost profits in most businesses is difficult to establish. It was unclear from the financial records how much of any loss of profits was related to the arrest and prosecution of the Plaintiffs. Therefore, this claim is being removed as well.

## CONCLUSION

The Plaintiffs seek to amend their original complaint to include facts recently learned as part of the ongoing discovery in this litigation. This request for an amendment is timely, being brought within the deadline established in the original scheduling order. It is not being brought in bad faith and creates no undue prejudice to the Defendants. It is also not futile as the proposed amendments include facts which would give independent basis for the Plaintiffs' original claim of false arrest and malicious prosecution. Therefore, the

Plaintiffs respectfully request that their motion to amend be granted. Pursuant to Local Rule 15.1, a copy of the proposed Amended Complaint is being filed contemporaneously with this Motion.

        Respectfully submitted,

        MOSELEY & MOSELEY
        ATTORNEYS AT LAW

        BY: /s/ James Bryan Moseley
            James Bryan Moseley, No. 021236
        Attorneys for Plaintiffs

        237 Castlewood Drive, Suite D
        Murfreesboro, Tennessee 37129
        615/ 254-0140
        Fax: 615/ 244-2270

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record by electronic mail via the Court's electronic filing system:

| | |
|---|---|
| Mark E. McGrady, Esq.<br>211 7th Avenue, North, Suite 500<br>Nashville, TN 37219<br>*Attorney for Defendants Cunningham and Wilder* | Dan R. Pilkington, Esq.<br>1500 Riverview Tower<br>900 South Gay Street<br>P.O. Box 131<br>Knoxville, TN 37901<br>*Attorney for Tracy City, Tennessee* |

W Gerald Tidwell , Jr , Esq.
P. O. Box 4369
Chattanooga, TN 37405
*Attorney for Defendants Cunningham and Wilder*

on this 31st day of July, 2019.

        /s/ James Bryan Moseley
          James Bryan Moseley