# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT WINCHESTER

| | |
|---|---|
| JEREMIAH MYERS and CLARISSA MYERS, </br></br>      PLAINTIFFS, </br></br>vs. </br></br>AJ CUNNINGHAM, CHARLIE WILDER, and TRACY CITY, TENNESSEE, </br></br>      DEFENDANTS. | ) ) ) ) ) ) ) ) ) ) ) ) )   Case No. 4:18-cv-00039-TWP-SKL </br>  **JURY DEMAND** |

## AMENDED COMPLAINT

Come the Plaintiffs, Jeremiah and Clarissa Myers, pursuant to Rule 15 of the Federal Rules of Civil Procedure and the Court's Order (Document No. 51) and for their cause of action against the Defendants would respectfully show to the Court and Jury as follows:

## I. THE PARTIES

1.1    The Plaintiffs, Jeremiah Myers and Clarissa Myers, are citizens and residents of Grundy County, Tennessee.

1.2    The Defendant, AJ Cunningham, (hereinafter "Defendant Cunningham") is, upon information and belief, a resident of Grundy, County, Tennessee. Defendant Cunningham was, at all times relevant to this Complaint, acting under color of state law, and was employed as and acting within his capacity as a police officer with the Tracy City Police Department. Defendant Cunningham is being sued in his official capacity for his failure to perform, neglect of, and deliberate indifference to his duties as a police officer for

Tracy City, Tennessee. Defendant Cunningham is also being sued in his individual capacity.

1.3 The Defendant, Charlie Wilder, (hereinafter "Defendant Wilder") is the duly appointed Police Chief of Tracy City, Tennessee. Defendant Wilder was, at all times relevant to this Complaint, acting under color of state law, and was employed as and acting within his capacity as Police Chief with the Tracy City Police Department. Defendant Charlie Wilder is being sued in his official capacity for his failure to perform, neglect of, and deliberate indifference to his duties as Police Chief of Tracy City, Tennessee. Defendant Wilder is also being sued in his individual capacity.

1.4 Defendant, Tracy City, Tennessee, is an incorporated municipality within the State of Tennessee.

## II. JURISDICTION

2.1 This Court has jurisdiction over the Federal claims asserted in this action pursuant to 28 U.S.C. § 1331 (Federal Question) and § 1343 (Civil Rights), as well as 42 U.S.C. § 1983.

## III. VENUE

3.1 Venue of this action is proper pursuant to 28 U.S.C. 1391(b) in that the events giving rise to the action occurred in the Eastern District of Tennessee.

## IV. NATURE OF THE CASE

4.1 This action arises under the Fourth Amendment to the United States Constitution and under federal law, specifically, the Civil Rights Act of 1964 (as amended), 42 U.S.C. § 1983 *et seq.* for violations of the Constitutional Rights of the Plaintiffs, Jeremiah Myers and Clarissa Myers.

## V. FACTS

5.1     On August 9, 2017, Mr. Jeremiah Myers was arrested for crimes that allegedly occurred on May 12, 2017. Specifically, Mr. Myers was charged with one count of felony delivery of a schedule II drug and one count of felony sale of a schedule II drug.

5.2     On August 8, 2017, Mrs. Clarissa Myers was arrested for crimes that allegedly occurred on May 9, May 12, and May 23, 2017. Specifically, Mrs. Myers was charged with eight counts of the felony sale of a schedule II drug.

5.3     Mr. Myers is innocent of the crimes of felony sale and delivery of a schedule II drug.

5.4     Mrs. Myers is innocent of the crimes of felony sale of a schedule II drug.

5.5     Defendant Wilder and Defendant Cunningham conspired to fabricate evidence against Mr. and Mrs. Myers.

5.6     Defendant Wilder paid a confidential informant, whose identify is known, but referred to herein as C.I. for protection, in order to hire an impersonator to act like Jeremiah Myers during the staged sale of illegal drugs.

5.7     Defendant Wilder instructed C.I. to conduct staged undercover buys from the impersonators to fabricate evidence against Mr. Myers.

5.8     Defendant Wilder paid a confidential informant, whose identify is known, but referred to herein as C.I. for protection, in order to hire impersonators to act like Clarissa Myers during multiple staged sales of illegal drugs.

5.9     Defendant Wilder instructed C.I. to conduct staged undercover buys from the impersonators to fabricate evidence against Mrs. Myers.

5.10 Defendant Wilder knowingly and deliberately made false statements to the Grand Jury in order to get Indictments charging Mr. Myers with crimes which Defendant Wilder knew were fabricated.

5.11 Defendant Wilder knowingly and deliberately made false statements to the Grand Jury in order to get Indictments charging Mrs. Myers with crimes which Defendant Wilder knew were fabricated.

5.12 Defendant Cunningham participated in the controlled buys with C.I., such that he knew or should have known that the charges against Mr. and Mrs. Myers were fabricated.

5.13 Defendant Cunningham knew or should have known that Defendant Wilder paid CI to set up bogus sales of illegal drugs in order to frame Mr. and Mrs. Myers.

5.14 Defendant Cunningham knowingly and deliberately made false statements to the Grand Jury in order to get Indictments charging Mr. Myers with crimes which Defendant Cunningham knew were fabricated.

5.15 Defendant Cunningham knowingly and deliberately made false statements to the Grand Jury in order to get Indictments charging Mrs. Myers with crimes which Defendant Cunningham knew were fabricated.

5.16 Defendant Wilder and Defendant Cunningham acted with reckless disregard for the truth in making false statements to obtain criminal charges against Mr. and Mrs. Myers.

5.17 Because Defendants' statements were false, there was no probable cause to prosecute Mr. Myers for felony sale of a schedule II drug or felony delivery of a schedule II drug.

5.18  Because Defendants' statements were false, there was no probable cause to prosecute Mrs. Myers for eight counts of felony sale of a schedule II drug.

5.19  On February 12, 2018, all charges against Mr. Myers were dismissed without condition.

5.20  On February 12, 2018, all charges against Mrs. Myers were dismissed without condition.

5.21  As a result of the criminal charges, Mr. Myers suffered public humiliation, missed time from work, and had to hire an attorney and private investigator to defend the criminal charges against him.

5.22  As a result of the criminal charges, Mrs. Myers suffered public humiliation, missed time from work, and had to hire an attorney and private investigator to defend the criminal charges against her.

5.23  Defendant Wilder and Defendant Cunningham participated in and influenced the charging and prosecution of the Plaintiffs.

5.24  The charging and prosecution of Plaintiffs was not reasonable.

5.25  In doing the acts alleged in this Complaint, Defendants Wilder and Cunningham were acting under the color of the statutes, ordinances, regulations, customs and usages of Tracy City and the State of Tennessee and under the authority of their office as the Police Chief of Tracy City, Tennessee and an officer with the Tracy City Police.

5.26  The participation and influence of the charging and prosecution of Plaintiffs by Defendants Wilder and Cunningham was deliberate and intentional.

5.27  Defendant Wilder, as Chief of Police for Tracy City, is responsible for establishing final governmental policy.

5.28   Defendant Wilder adopted a policy, procedure and/or custom of fabricating evidence to effectuate arrests.

5.29   Tracy City is liable for the actions of Defendant Wilder because Defendant Wilder, as Chief of Police for Tracy City, Tennessee, used his position as a policymaker for Tracy City, Tennessee to make the decision to fabricate evidence against Plaintiffs, leading to their arrest and prosecution for crimes they did not commit.

5.30   The C.I. used by Defendants Wilder and Cunningham had no prior history with law enforcement of being a reliable informant, and this fact was known to the Defendants prior to prosecuting Mr. and Mrs. Myers.

5.31   The C.I. used by Defendants Wilder and Cunningham had a criminal history involving crimes of dishonesty, and this fact was known to the Defendants prior to prosecuting Mr. and Mrs. Myers.

5.32   The C.I. used by Defendants Wilder and Cunningham, at the Defendants' request, audio taped the transactions allegedly involving Mr. and Mrs. Myers.

5.33   The audio recordings made by the C.I. used by Defendants Wilder and Cunningham included voices of individuals who could not be reliably identified as Mr. or Mrs. Myers.

5.34   Different audio recordings made by the C.I. used by Defendants Wilder and Cunningham included voices which purported to be of Mrs. Myers but were actually and noticeably not Mrs. Myers.

5.35   The Defendants had possession of the audio recordings and were aware of the substance and quality of the recordings prior to prosecuting Mr. and Mrs. Myers.

5.36   The pills, which were purported to be controlled substances and provided by the C.I. used by Defendants Wilder and Cunningham as evidence against Mr. and Mrs. Myers, were visually identifiable as not controlled substances.

5.37   The C.I. provided information to the Defendants that the alleged source of controlled substances was a pain clinic at which Mr. Myers was allegedly a patient.

5.38   Neither Defendants Wilder nor Cunningham attempted to verify the alleged source of controlled substances allegedly obtained from Mr. or Mrs. Myers either through the Tennessee's Controlled Substance Monitoring Database, which is available to law enforcement, or by contacting the alleged pain clinic directly.

5.39   Neither Defendants Wilder nor Cunningham attempted to independently corroborate any of the allegations made by the C.I. against Mr. and Mrs. Myers.

5.40   Defendant Wilder, as the policy maker for the Tracy City Police Department, established the policies, customs, and practices of the Tracy City Police Department in the use of confidential informants.

5.41   Defendant Wilder's confidential informant policy was constitutionally deficient because it encouraged the use of and reliance on unreliable confidential informants without independent corroboration or verification of the allegations made by the confidential informant or verification of the reliability of the particular confidential informant.

5.42   The Defendants purportedly followed the Tracy City Police Department policy on the use of a C.I. and that policy was the motivating factor in the violation of Mr. and Mrs. Myers' right to be free from malicious prosecutions by persons who knowingly or recklessly make false statements, material misrepresentations, and/or material omissions in criminal prosecutions.

5.43    The C.I. used by Defendants Wilder and Cunningham was unreliable and not trustworthy.

5.44    The Defendants were aware that the C.I. used by them was unreliable and not trustworthy.

5.45    The Defendants were aware of the risk that the information provided by their C.I. about Mr. and Mrs. Myers was false but deliberately disregarded that risk to pursue criminal charges against Mr. and Mrs. Myers.

5.46    The Defendants gave information to the District Attorney's Office and testimony to the Grand Jury based upon their unreliable C.I. which was false and which omitted material facts concerning the reliability of the C.I. and the C.I.'s information.

5.47    The information given to the District Attorney's Office and Grand Jury by the Defendants was the sole basis for the criminal prosecutions against Mr. and Mrs. Myers.

## COUNT I
### FOURTH AMENDMENT - MALICIOUS PROSECUTION

6.1    Plaintiff, Jeremiah Myers, was arrested and prosecuted for the crimes of felony sale and delivery of a schedule II drug.

6.2    Plaintiff, Clarissa Myers, was arrested and prosecuted for the crimes of felony sale of a schedule II drug.

6.3    Defendant Wilder made, participated in, and/or influenced the prosecution of Plaintiffs Jeremiah Myers and Clarissa Myers, in that he fabricated evidence against the Plaintiffs and used the evidence he knew to be false in order to obtain Indictments from the Grand Jury against Plaintiffs.

6.4    Defendant Cunningham made, participated in, and/or influenced the prosecution of Plaintiffs Jeremiah Myers and Clarissa Myers, in that he fabricated evidence

against the Plaintiffs and presented evidence he knew to be false to the Grand Jury in order to secure Indictments against the Plaintiffs.

6.5     In the alternative, Defendants Wilder and Cunningham made, participated in, and/or influenced the prosecutions of Plaintiffs Jeremiah Myers and Clarissa Myers, in that they knowingly and/or recklessly made false statements and/or material omissions based upon the unreliable and uncorroborated information from their C.I. when there was information within their knowledge which gave them serious reason to doubt the veracity and reliability of the information provided by their C.I.

6.6     The arrest and prosecution of Plaintiff Jeremiah Myers for felony sale and delivery of a schedule II drug was without any probable cause for the following reasons:

a)      Plaintiff Jeremiah Myers did not sell or deliver a schedule II drug; and

b)      either:

   i)    There were no facts present to suggest such, other than those facts fabricated by Defendants and known to Defendants to be false; or

   ii)   There was no reasonably reliable information that Plaintiff Jeremiah Myers had sold or delivered a controlled substance.

6.7     As a direct and proximate result of the criminal prosecution of the Plaintiff Jeremiah Myers for felony sale and delivery of a schedule II drug, the Plaintiff was deprived of his right to be free from prosecution without probable cause.

6.8     The charges against Plaintiff Jeremiah Myers of felony sale and delivery of a schedule II drug were dismissed on February 12, 2018.

6.9     The arrest and prosecution of Plaintiff Clarissa Myers for eight counts of felony sale of a schedule II drug was without any probable cause for the following reasons:

a) Plaintiff Clarissa Myers did not sell or deliver a schedule II drug; and

b) either:

   i) There were no facts present to suggest such, other than those facts fabricated by Defendants and known to Defendants to be false; or

   ii) There was no reasonably reliable information that Plaintiff Clarissa Myers had sold or delivered a controlled substance.

6.10 As a direct and proximate result of the criminal prosecution of the Plaintiff Clarissa Myers for eight counts of felony sale of a schedule II drug, the Plaintiff was deprived of her right to be free from prosecution without probable cause.

6.11 The charges against Plaintiff Clarissa Myers of felony sale and delivery of a schedule II drug were dismissed on February 12, 2018.

6.12 Pursuant to statute, Defendants Wilder and Cunningham are liable to the Plaintiffs, Jeremiah Myers and Clarissa Myers, for special and general compensatory damages, including but not limited to, emotional, physical economic, and pecuniary damages, punitive damages, and reasonable attorney's fees and costs.

## COUNT II
### MUNICIPAL LIABILITY

7.1 Defendant Wilder was, at all times relevant to this complaint, acting under by virtue of or under color of his office as Chief of Police of Tracy City, Tennessee.

7.2 Defendant Wilder, as Chief of Police for Tracy City, Tennessee, is responsible for establishing final governmental policy.

7.3 Defendant Wilder, as Chief of Police for Tracy City, Tennessee, used his position as a policymaker for Tracy City, Tennessee to make the decision to fabricate evidence against Plaintiffs, leading to their arrest and prosecution for crimes they did not

commit.

7.4     Defendant Wilder created a policy, procedure and custom of fabricating evidence against defendants in order to effectuate arrests.

7.5     Defendant Wilder's policy, procedure and custom fabricating evidence was the driving force behind the constitutional violations of the Plaintiffs by the Defendants.

7.6     In the alternative, Defendant Wilder created a constitutionally deficient policy, custom, and practice for the Tracy City Police Department of using unreliable confidential informants without corroborating the information provided by the confidential informant or verifying the reliability and veracity of the confidential informant.

7.7     Defendant Wilder's confidential informant policy was the driving force behind the constitutional violation of the Plaintiffs by the Defendants.

7.8     Therefore, Tracy City is liable for the actions of Defendant Wilder.

**COUNT III**
STATE LAW CLAIM - MALICIOUS PROSECUTION

8.1     On August 9, 2017, Plaintiff, Jeremiah Myers, was arrested and prosecuted for the crimes of felony sale and delivery of a schedule II drug.

8.2     On August 8, 2017, Plaintiff, Clarissa Myers, was arrested and prosecuted for the crimes of felony sale of a schedule II drug.

8.3     Defendant Wilder made, participated in, and/or influenced the prosecution of Plaintiffs Jeremiah Myers and Clarissa Myers, in that he fabricated evidence against the Plaintiffs and used the evidence he knew to be false in order to obtain Indictments from the Grand Jury against Plaintiffs.

8.4     Defendant Cunningham made, participated in, and/or influenced the prosecution of Plaintiffs Jeremiah Myers and Clarissa Myers, in that he fabricated evidence

against the Plaintiffs and presented evidence he knew to be false to the Grand Jury in order to secure Indictments against the Plaintiffs.

8.5    The arrest and prosecution of Plaintiff Jeremiah Myers for felony sale and delivery of a schedule II drug was without any probable cause for the following reasons:

    a)    Plaintiff Jeremiah Myers did not sell or deliver a schedule II drug, and

    b)    There were no facts present to suggest such, other than those facts fabricated by Defendants and known to Defendants to be false.

8.6    Defendants Wilder and Cunningham acted with malice in that they acted with an improper and wrongful motive in fabricating evidence against Plaintiffs.

8.7    Defendants Wilder and Cunningham knew that they were prosecuting Plaintiffs based upon fabricated evidence and that to do so would injure Plaintiffs.

8.8    As a direct and proximate result of the criminal prosecution of the Plaintiff Jeremiah Myers for felony sale and delivery of a schedule II drug, the Plaintiff was deprived of his right to be free from prosecution without probable cause.

8.9    The charges against Plaintiff Jeremiah Myers of felony sale and delivery of a schedule II drug were dismissed on February 12, 2018.

8.10   The arrest and prosecution of Plaintiff Clarissa Myers for eight counts of felony sale of a schedule II drug was without any probable cause for the following reasons:

    a)    Plaintiff Clarissa Myers did not sell or deliver a schedule II drug, and

    b)    There were no facts present to suggest such, other than those facts fabricated by Defendants and known to Defendants to be false.

8.11    As a direct and proximate result of the criminal prosecution of the Plaintiff Clarissa Myers for eight counts of felony sale of a schedule II drug, the Plaintiff was deprived of her right to be free from prosecution without probable cause.

8.12    The charges against Plaintiff Clarissa Myers of felony sale and delivery of a schedule II drug were dismissed on February 12, 2018.

8.13    Pursuant to statute, Defendants Wilder and Cunningham are liable to the Plaintiffs, Jeremiah Myers and Clarissa Myers, for special and general compensatory damages.

## DAMAGES

9.1    As a direct and proximate result of the unlawful conduct of the Defendants as described above, Plaintiffs have experienced significant emotional suffering; damage to their reputation; and the embarrassment and humiliation of publicly being charged and prosecuted for the sale of schedule II drugs.

9.2    As a direct and proximate result of the unlawful conduct of Defendants as described above, the Plaintiffs have experienced significant mental anguish.

9.3    As a direct and proximate result of the unlawful conduct of the Defendants as described above, the Plaintiffs have suffered lost wages and Mrs. Myers was fired from her job.

9.4    As a direct and proximate result of the unlawful conduct of the Defendants as described above, the Plaintiffs missed work to attend court hearings, had to hire attorneys to defend the charges against them, as well as a civil case relating to the custody of Plaintiff Jeremiah Myers' child, had to pay a bond premium to be released from jail, and

had to pay an investigator in order to successfully have the criminal charge against them dismissed.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully demand judgment against Defendants, and each of them, jointly and severally as followed:

1. That proper process issue and be served upon the Defendants, requiring them to answer this Complaint within the time required by law;

2. That the Plaintiffs be awarded a judgment for compensatory damages in an amount to be determined by the trier of fact not to exceed the maximum amount allowed by law;

3. That the Plaintiffs be awarded a judgment for punitive damages in an amount that is necessary to punish the Defendants and to deter others from committing similar wrongs in the future;

4. That the Plaintiffs be awarded the costs, litigation costs, discretionary costs, pre- and post-judgment interest, and attorney's fees pursuant to 42 U.S.C. § 1988; and

5. That Plaintiffs be granted such other, further and general relief as to which they are entitled.

Respectfully submitted,

MOSELEY & MOSELEY
ATTORNEYS AT LAW

BY: /s/ James Bryan Moseley
   James Bryan Moseley,   No. 021236
Attorneys for Plaintiffs

237 Castlewood Drive, Suite D
Murfreesboro, Tennessee 37129
615/ 254-0140
Fax: 615/ 244-2270

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record by electronic mail via the Court's electronic filing system:

| | |
|---|---|
| Mark E. McGrady, Esq.<br>211 7th Avenue, North, Suite 500<br>Nashville, TN 37219<br>*Attorney for Defendants Cunningham and Wilder* | Dan R. Pilkington, Esq.<br>1500 Riverview Tower<br>900 South Gay Street<br>P.O. Box 131<br>Knoxville, TN 37901<br>*Attorney for Tracy City, Tennessee* |
| W Gerald Tidwell , Jr , Esq.<br>P. O. Box 4369<br>Chattanooga, TN 37405<br>*Attorney for Defendants Cunningham and Wilder* | |

on this 16th day of August, 2019.

                                            /s/ James Bryan Moseley
                                              James Bryan Moseley