# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT WINCHESTER

|  |  |  |
|---|---|---|
| JEREMIAH MYERS and CLARISSA MYERS, | ) ) ) | |
| PLAINTIFFS, | ) ) | |
| vs. | ) ) | Case No. 4:18-cv-00039-TWP-SKL |
| | ) | JURY DEMAND |
| AJ CUNNINGHAM, CHARLIE WILDER, and TRACY CITY, TENNESSEE, | ) ) ) | |
| DEFENDANTS. | ) ) | |

## MEMORANDUM
### (IN SUPPORT OF MOTION TO DEPOSE PRISONER)

Come the Plaintiffs, pursuant to Rules 30(a)(2)(B) and 16(b)(4) of the Federal Rules of Civil Procedure, and respectfully move the Court for the entry of an Order permitting them to take the *de bene esse* deposition of Tina Prater, who is a prisoner in the custody of the Grundy County Jail, and amend the scheduling order to the extent necessary to take this deposition. In support of this motion, the Plaintiffs would further show the Court as follows:

### FACTS AND PROCEDURAL HISTORY

This case involves a claim under Section 1983 of the Civil Rights Act for malicious prosecution based on criminal charges brought against Mr. and Mrs. Myers by Defendants Wilder and Cunningham. Those charges arose from an operation using a confidential informant, Tina Prater, in May of 2017. Defendants Wilder and Cunningham claimed that Mr. and Mrs. Myers sold controlled substances to Tina Prater. This claim was false.

After the charges were brought, Ms. Prater came forward and admitted that Defendant Wilder had instructed her to set up Mr. and Mrs. Myers. Ms. Prater further

admitted that she had not actually purchased controlled substances from the Plaintiffs.

After this present suit was filed, the Defendants served Ms. Prater with a subpoena to appear at a deposition to be held on June 26, 2019. However, Ms. Prater did not appear on this date. Other discovery was completed, however, and the Defendants filed motions for summary judgment which are still pending before the Court (Document Nos. 60 and 62). The Plaintiffs responded to those motions (Document Nos. 73 and 74) and included an affidavit from Ms. Prater.

The Defendants then filed a motion to strike Ms. Prater's affidavit (Document No. 75) claiming that they were prejudiced in not getting Ms. Prater's deposition prior to the submission of her affidavit. The Plaintiffs responded to that motion (Document No. 83) with evidence demonstrating that the Defendants had actually abandoned their efforts to depose Ms. Prater in an apparent effort to sandbag the Plaintiffs in anticipation of the summary judgment motions.

In essence, after Ms. Prater had failed to appear for the scheduled deposition, the Defendants represented to Plaintiffs that they would continue efforts to secure her deposition. However, in reality they actually chose not to pursue taking her deposition because they believed it would benefit them not to have her deposition. This issue was more fully addressed in pending motions referenced above.

At the time that these motions were filed, the trial in this matter was set to begin on January 14, 2020. However, on November 20, 2019, District Judge Phillips reset the trial for April 28, 2020. See Document No. 85. The original scheduling order (Document No. 20) required depositions to be completed ninety (90) days before trial. The close of taking depositions, therefore, was October 16, 2019. This date was apparently unchanged with

the resetting of the trial.[1]

Following the close of discovery and the resetting of the trial date, the Plaintiffs learned that Ms. Prater had been arrested and was being held in the custody of the Grundy County Jail. The Plaintiffs filed a motion (Document No. 86) on December 12, 2019, seeking a show cause order for Ms. Prater's failure to attend the deposition with the expectation that her deposition could be taken while she was in custody and her whereabouts were known. That motion was denied by Magistrate Lee on January 13, 2020. See Document No. 91.[2]

The Plaintiffs, therefore, now respectfully move for an order permitting them to take the *de bene esse* deposition of Ms. Prater for proof at trial and an extension of the scheduling order necessary to complete this deposition.

## LAW AND ARGUMENT

A non-party may be deposed under the Federal Rules of Civil Procedure. See Rule 30(a)(1). To depose a prisoner, however, a party must obtain leave of court. See Rule 30(a)(2)(B). The Federal Rules of Civil Procedure do not specifically distinguish between depositions taken for discovery and those taken for trial purposes (i.e. *de bene esse* depositions).

---

[1] The Parties have also just been notified that this case is being reassigned to District Judge Lawson from the Eastern District of Michigan (Document No. 92). It is unknown whether the trial schedule will be further amended.

[2] The Plaintiffs do recognize the absurdity of having to be the ones to try to enforce the subpoena issued by the Defendants. However, because the Defendants chose to abandon their efforts to depose Ms. Prater without notice to the Plaintiffs, they felt this motion was the most logical method of completing a deposition that had been scheduled prior to the discovery cutoff. The Magistrate's order, though, pointed out that discovery had closed and a justification needed to be provided by the Plaintiffs in order to extend the discovery deadline. In lieu of filing an objection to the Magistrate's order, the Plaintiffs are filing the present motion to ensure that Ms. Prater's testimony will be preserved given her changed circumstances.

However, Federal common law has recognized some key differences. "Courts in this circuit generally recognize the need to treat *de bene esse* [(trial)] depositions differently in certain respects than those of discovery depositions." ***Marmelshtein v. City of Southfield***, Civil Action No. 07-CV-15063, 2010 WL 4226667, at *2 (E.D. Mich. Oct. 21, 2010). See also ***Burkett v. Hymen Lippett, P.C., Inc.***, Civil Action Nos. 05-72110, 05-72171, 05-72221, 2008 WL 1741875 (E.D. Mich. Apr. 11, 2008)(finding that an order setting a discovery cutoff date did not bar a party from conducting a trial deposition after discovery closed) and ***Rayco Mfg. Inc. v. Deutz Corp.***, Civil Action No. 5:08-CV-00074, 2010 WL 183866, at *4 (N.D. Ohio Jan. 14, 2010)(stating that "[t]rial depositions (also known as 'preservation depositions' or 'de bene esse depositions') are not treated as part of the discovery process. . . .").[3]

Nonetheless, to the extent amendments to scheduling orders are need to accommodate discovery or *de bene esse* depositions, the amendment of a scheduling order is governed by Rule 16(b)(4) of the Federal Rules of Civil Procedure. That rule permits a district court to amend a scheduling order for "good cause." The Sixth Circuit has described this standard as follows:

> A court asked to modify a scheduling order for good cause "may do so only if [a deadline] cannot reasonably be met despite the diligence of the party seeking the extension." ***Leary v. Daeschner***, 349 F.3d 888, 906 (6th Cir. 2003) (internal quotation marks omitted). An "important consideration for a

---

[3]  As explained in ***El Camino Res., Ltd. v. Huntington Nat. Bank***, Civil Action No. 1:07-CV-598, 2009 WL 1228680, at *5 (W.D. Mich. Apr. 30, 2009):

The simple fact, known to all trial practitioners, is that witnesses often become unavailable for trial, whether because of distance or conflicting schedules (as with testifying physicians). In such circumstances, *de bene esse* depositions taken shortly before trial are commonplace and are properly understood as part of the trial proceedings, not discovery.

district court deciding whether Rule 16's good cause standard is met is whether the opposing party will suffer prejudice by virtue of the amendment." *Id*. (internal quotation marks omitted).

***Marcilis v. Township of Redford***, 693 F.3d 589, 597 (6th Cir. 2012).

In the present case, Tina Prater is currently in the custody of the Grundy County Jail. Had the trial started as originally scheduled on January 14, 2020, then her testimony would have been presented via a *de bene esse* video deposition or through more complex logistical arrangements to effect a *writ of habeas corpus ad testificandum*.[4] Because the trial was continued to April 28, 2020, this procedure was not immediately needed. However, Ms. Prater's status on April 28, 2020, is unknown at present. She may still be in custody or otherwise be unavailable for trial. This unavailability, however, was unknown prior to the close of the discovery deadline in the original scheduling order. Therefore, the Plaintiffs could not have reasonably met the deadline based on an event which happened subsequent to the deadline expiring.

There is also no prejudice to the Defendants. They chose to abandon taking Ms. Prater's discovery deposition in an apparent effort to sandbag the Plaintiffs' ability to respond to their summary judgment motions. Having chosen not to take Ms. Prater's discovery deposition, the Defendants are not prejudiced by the extension of the scheduling order or taking of Ms. Prater's *de bene esse* deposition.

Likewise, the Defendants are well aware of the substance of Ms. Prater's trial testimony and have had her recorded statements prior to the discovery cutoff. Had they

---

[4] This writ is authorized by 28 U.S.C. § 2241. However, it would require allocation of state and/or federal government resources for a single witness in a civil trial. Taking a video deposition of Ms. Prater for trial purposes would achieve the same results with much less burden on the governmental entities involved or the logistics of transporting and holding a prisoner until the person's trial testimony is complete.

wanted to have a discovery deposition completed prior to Ms. Prater giving trial testimony, they could have chosen to file a motion to show cause. The Defendants chose not only to abandon Ms. Prater's deposition but they actively opposed the Plaintiffs when a show cause motion was filed.

## CONCLUSION

Ms. Prater was incarcerated subsequent to the discovery cutoff in the original scheduling order. Her unavailability, therefore, was not something that the Plaintiffs could have prevented with any diligence. The Defendants are not unfairly prejudiced in any way by a *de bene esse* deposition of Ms. Prater. The Plaintiffs respectfully request, therefore, an order permitting Ms. Prater's *de bene esse* deposition be taken and any necessary extension to the original scheduling order be made to accommodate such deposition.

Respectfully submitted,

**MOSELEY & MOSELEY**
**ATTORNEYS AT LAW**

BY:  /s/ James Bryan Moseley
        James Bryan Moseley,     No. 021236
*Attorneys for Plaintiffs*
237 Castlewood Drive, Suite D
Murfreesboro, Tennessee 37129
(615) 254-0140
bryan.moseley@moseleylawfirm.com

**CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record by electronic mail via the Court's electronic filing system or through alternate means for anyone not a part of the electronic filings in this case:

Mark E. McGrady, Esq.
211 7th Avenue, North, Suite 500
Nashville, TN 37219
*Attorney for Defendants Cunningham*
*and Wilder*

Dan R. Pilkington, Esq.
1500 Riverview Tower
900 South Gay Street
P.O. Box 131
Knoxville, TN 37901
*Attorney for Tracy City, Tennessee*

W. Gerald Tidwell, Jr , Esq.
P. O. Box 4369
Chattanooga, TN 37405
*Attorney for Defendants Cunningham*
*and Wilder*

on this 14th day of January, 2020.

                      /s/ James Bryan Moseley
                       James Bryan Moseley