IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| JEREMIAH MYERS, and <br> CLARISSA MYERS, <br>     Plaintiffs, <br> v. <br> AJ CUNNINGHAM, CHARLIE WILDER, <br> Individually and as Police Chief for Tracy City, <br> Tennessee, and TRACY CITY, TENNESSEE, <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> )  No. 4:18-cv-00039-TWP-SKL <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION [DOC. 93] TO DEPOSE PRISONER (TINA PRATER) AND AMEND SCHEDULING ORDER**

The Defendants AJ Cunningham, Charlie Wilder and Tracy City, Tennessee (collectively "the Defendants") hereby appear, by and through counsel, and respond in opposition to Plaintiffs' Motion [Doc. 93] to Depose Tina Prater and to Amend the Scheduling Order to permit the taking of such deposition. This is the second Motion filed by the Plaintiffs seeking to take the deposition of Tina Prater after the close of discovery. The first request was denied by Order of United States Magistrate Susan K. Lee on January 13, 2020 [Doc. 91]. The Court, in that Order, addressed Plaintiffs' request to depose Ms. Prater and found the justification for such request "quite flimsy as the deposition was set to take place over six months ago and the Plaintiffs did not bring this issue to the Court's attention until two months after the close of discovery." [Doc. 91, PageID# 94]. The Defendants submit that Plaintiffs' current Motion, relying on the same "quite flimsy" argument included in Plaintiffs' prior motion to depose Ms. Prater, should be denied.

**I.  Plaintiffs have not evidenced good cause to reopen discovery and the Defendants would suffer prejudice by the requested relief.**

1

This Court entered a Scheduling Order August 20, 2018 [Doc. 20]. Some Five Hundred and Thirteen (513) days later, Plaintiffs have now moved to amend that Order to allow them to take a "*de bene esse*[1]" deposition of a potential trial witness Tina Prater whom the Plaintiffs allege is in the custody of the Grundy County Detention Facility. Plaintiffs have provided no information regarding whether Ms. Prater will be unavailable for trial. They do not allege that they have issued a subpoena to compel Ms. Prater to testify at the trial. They have not offered any evidence that she will be incarcerated on the trial date or that she will otherwise be unavailable pursuant to Federal Rule of Civil Procedure 32(a)(4) so that her deposition can be offered at trial pursuant to that rule.

The deadline for the completion of depositions, whether identified as "*de bene esse*" or otherwise, ran on October 16, 2019. [Doc. 20]. Plaintiffs freely admit that the Federal Rules of Civil Procedure do not distinguish between depositions taken for discovery and those taken for trial purposes. As this Court has previously recognized, Plaintiffs made no attempt whatsoever to depose Ms. Prater within the deadline set by this Court.

Plaintiffs are seeking relief from the Scheduling Order to reopen discovery. Federal Rule of Civil Procedure 16(b)(4) permits a District Court to amend a scheduling order only for "good cause." The diligence of the moving party in engaging in all efforts to meet the deadlines is of primary importance when determining good cause. *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003). The court must also consider whether the Defendants would suffer undue prejudice. Within the Eastern District of Tennessee, this Court previously addressed and identified the factors to be considered when a request is made to reopen discovery in *Shelbyville Hosp. Corp. v. Mosley*, No. 4:13-CV-88, 2017 WL 1155046, at *2 (E.D. Tenn. Mar. 27, 2017) (Phillips, J.). The court

---

[1] Counsel for the Defendant Tracy City, not being well versed in Latin, attempted to review other cases within this District referencing the phrase "de bene esse" and has been able to identify only a single case from 104 years ago addressing the phrase, *In re Subpoenas Duces Tecum*, 248 F. 137, 138 (E.D. Tenn. 1916). It was, unfortunately, no help.

2

stated: "These factors include: (1) whether the movant has shown good cause for reopening discovery[2], (2) whether the need for additional discovery is due to the movant's neglect, (3) the specificity of the discovery request, (4) the relevance of the discovery, and (5) whether the party opposing the reopening of discovery will suffer prejudice."

In *Shelbyville*, the movant sought to reopen discovery to compel the Defendant to produce tax returns after the discovery cutoff. This Court denied the motion to reopen discovery, noting the movant's neglect in pursing the requested discovery within the deadline of the scheduling order, "Because [the movant] Shelbyville Hospital neglected to pursue the tax returns further, the Court is unable to conclude that good cause exists to reopen discovery now." *Id*, at *3. *See, e.g.*, *Ginett*, 1998 WL 777998 at *5 (affirming the district court's denial of a motion to compel that arose after the discovery deadline because the plaintiff knew of the information at issue and its potential relevance during discovery); *Yrityspankki Skop Oyj v. Delta Funding Corp.*, No. 98Civ.7888(BSJ)(MHD), 1999 WL 1018048, at *4 (S.D.N.Y. Nov. 9, 1999) (declining to reopen discovery because the defendant had reason to know that the information at issue was relevant during discovery and should have developed the information at that time); *see Lore v. City of Syracuse*, 232 F.R.D. 155, 159 (N.D.N. Y 2005) ("Discovery should not be extended when a party had an ample opportunity to pursue the evidence during discovery.") (citations omitted)); *see also Valente v. Univ. of Dayton*, No. 3:08-cv-225, 2009 WL 4255503, at *1 (S.D. Ohio Nov. 19, 2009) ("[A]n 'ample opportunity' to conduct discovery ... [is] not a new opportunity do so after the discovery period ... has expired.").

---

[2] Although *Shelbyville* dealt with a motion to compel filed after the discovery cutoff, the cases cited in support establish that the same factors apply to any motion seeking to reopen discovery. *See, e.g. FedEx Corp. v. United States,* No. 08-2423 MA/P, 2011 WL 2023297, at *3 (W.D. Tenn. Mar. 28, 2011).

3

With respect to Plaintiffs' diligence, this court has already determined Plaintiffs' argument to be quite flimsy. [See Doc. 91]. Plaintiffs clearly had access to Ms. Prater prior to the discovery cutoff, as evidenced by the affidavit of Ms. Prater submitted in support of the Response to Summary Judgment[3]. [Doc. 73-4]. It is undisputed, however, that Plaintiffs never engaged in any efforts to depose Ms. Prater before the deadlines contained within the Scheduling Order. In denying Plaintiffs' prior request, the Court held, "[a]s in *Shelbyville*, in this case Plaintiffs have neglected to address the close of discovery, have failed to cite the appropriate legal standards for reopening discovery, and have failed to conduct a proper analysis or make the required showing to reopen and compel discovery." [Doc. 91, PageID# 2]. Despite the Court admonishing Plaintiffs for failing to cite the appropriate legal standard in its prior ruling, Plaintiffs' current motion, filed only one day after that ruling, again fails to cite the appropriate legal standard identified in *Shelbyville* and fails to conduct a proper analysis under such standard. As set out *supra*, Plaintiffs' failure to obtain the deposition of Ms. Prater was based upon their own neglect and falls far short of meeting the standard set by this Court in *Shelbyville*. The motion should be denied.

Plaintiffs allege that the failure their failure to depose Ms. Prater was due to Defendants' supposed attempt to "sandbag" Plaintiffs in responding to Defendants' motion for summary judgment. Defendants gave notice on August 13, 2019 in their response to Plaintiffs' motion to amend their complaint that Defendants would challenge the admissibility of any statements by Ms. Prater since she had failed to appear for her noticed deposition. [Doc. 48, PageID# 254]. Plaintiffs subsequently located Ms. Prater on or before September 9, 2019. [Doc. 73-4, PageID# 743]. Rather than notice Prater for a deposition, Plaintiffs obtained an affidavit from her and filed it with

---

[3] The Defendants have previously evidenced to the Court the ease with which Plaintiffs had access to Ms. Prater prior to the discovery cutoff. [See Doc. 76 - Memorandum in Support of Motion to Strike Prater Affidavit, PageID# 860-861; Doc. 88 – Response to Motion for Order to Show Cause, PageID# 936-937].

4

the Court on September 30, 2019. [*Id.*] Plaintiffs still had until October 16, 2019 to depose Ms. Prater before the discovery cutoff, but chose not to do so.

Plaintiffs claim that they did not depose Ms. Prater before the discovery cutoff because they did not know that Ms. Prater would be unavailable. There is no showing that Ms. Prater is unavailable now or will be on the trial date. The Federal Rule that authorizes the use of depositions at trial permits their use if the court finds "that the witness cannot attend or testify *because of . . . imprisonment.*" (Emphasis added.) There are few cases interpreting the phrase "because of imprisonment," but probably the leading case makes clear that the party proposing to use a deposition at trial must do more than show that the witness is incarcerated. The First Circuit held in *Delgado v. Pawtucket Police Dept.*, 668 F.3d 42 (1st Cir. 2012) that the plaintiff could not use a deposition of an incarcerated witness at trial because the witness could be produced at trial. "There is no dispute that although Pereira was imprisoned, he could have been made available to testify at trial by means of a writ of habeas corpus ad testificandum." *Delgado v. Pawtucket Police Dept.*, 668 F.3d 42, 48 (1st Cir. 2012). Plaintiffs suggest that it might be inconvenient for the authorities to have to transport Ms. Prater to the trial (if she is still incarcerated), but that inconvenience is a small price to pay to preserve Defendants' right to cross examine the star witness for Plaintiffs live in front of a jury.

**II.     Plaintiffs have failed to offer any evidence that Ms. Prater is unavailable to testify at Trial.**

Even if the Plaintiffs were allowed to depose Ms. Prater, such testimony would only be admissible at trial if she was actually unavailable. Plaintiffs submit to the Court that they should be granted relief from the scheduling order to depose Ms. Prater because she **may** be unavailable to testify at trial. Logically, there is never a guarantee that any witness will be available at trial. The Federal Rules of Civil Procedure make allowances for this fact. Rule 32(a)(4) allows the

5

deposition of a nonparty to be offered at trial only if such witness is unavailable. If the Plaintiffs had concerns that Prater would be unavailable at trial, they should have engaged in efforts to take her deposition within the deadline contained in the Scheduling Order. Plaintiffs made the decision not to depose Prater, despite having access to her during the discovery period.

Finally, Plaintiffs have not produced any evidence that Ms. Prater will be incarcerated at the time of trial. They have not provided the court with any information regarding the reason(s) for her incarceration, the length of any sentence or her potential release date. Based upon the record before this Court, the Plaintiffs have failed to carry their burden of proving Ms. Prater will be unavailable for the trial of this matter.

On the record before this Court, there is no basis for a finding that any deposition Plaintiffs may take of Ms. Prater will be admissible at trial; in other words, there is no showing that the deposition would truly be one "*de bene esse*." In the cases Plaintiffs cite in support of their motion, there were grounds to believe that the witness would be unavailable for trial. In *Marmelshtein v. City of Southfield*, 07-CV-15063, 2010 WL 4226667 (E.D. Mich. Oct. 21, 2010), plaintiff's counsel proposed to take a trial deposition of plaintiff after a discovery deposition had already been taken. The court permitted the deposition to proceed on the following grounds: "Mr. Marmelshtein is 75 years old, weighs less than one hundred pounds, and is becoming increasingly more frail with time. Plaintiffs' counsel argues that . . . because of the debilitating nature of Mr. Marmelshtein's health, and the fact that no trial date has yet been set, Mr. Marmelshtein will be unavailable or unable to testify at the time of trial." *Id.* at *1 The plaintiff in that case did not propose to use the trial deposition regardless of what happened after the deposition was taken, but only "to preserve his trial testimony in the event of his unavailability." *Id.* In *Burket v. Hyman Lippitt, P.C.*, 05-72110, 2008 WL 1741875, at *3 (E.D. Mich. Apr. 11, 2008), the court allowed a

6

trial deposition to take place for a witness who was outside the subpoena power of the Court and who refused to come to the United States to testify. This witness was unavailable within the meaning of the Rules of Civil Procedure. In *Rayco Mfg., Inc. v. Deutz Corp.*, 5:08 CV 00074, 2010 WL 183866 (N.D. Ohio Jan. 14, 2010), the court recognized that a trial deposition might be appropriate for out-of-state witnesses: "On the other hand, since Rayco makes it a point to submit that most of its customers are located outside the state of Ohio so that 'the only way their testimony can be obtained and presented at trial is by deposition,' it appears that Rayco's intent might be to take trial depositions since the customers are beyond the Court's subpoena power and are thus 'unavailable' within the meaning of Rule 32(a)(4)(D)." *Id.* at *3. While the trial court in *El Camino Resources, Ltd. v. Huntington Nat. Bank*, 1:07-CV-598, 2009 WL 1228680, at *5 (W.D. Mich. Apr. 30, 2009) did allow a trial deposition of an incarcerated witness, that witness was serving a seven-year sentence in another state.

Plaintiffs have not shown that Ms. Prater will be unavailable at trial; therefore her proposed deposition cannot be a trial deposition. As previously ruled by Magistrate Judge Lee, Plaintiffs have not shown good cause to permit a discovery deposition at this late date.

**III.  The Defendants would suffer undue prejudice if Ms. Prater is allowed to be deposed after the close of discovery and outside of the presence of the Court and Jury.**

If Ms. Prater gives testimony at trial, it should be live testimony in an Eastern District courtroom in front of the parties, the jury, and the Court. As Plaintiffs have represented to this Court "Ms. Prater is clearly not an honest person. She either lied to the Defendants, is lying now, or lied both times." [Doc. 45 - Memorandum in Response to Motion for Summary Judgment, PageID# 232-233]. Ms. Prater's credibility will certainly be at issue, and her testimony is essential to one of Plaintiffs' theories of recovery. "The Federal Rules of Civil Procedure express an unmistakable preference for live testimony in open court over testimony taken in a deposition."

7

*Gonzalez Prod. Sys., Inc. v. Martinrea Int'l Inc.*, No. 13-CV-11544, 2015 WL 4934628, at *16 (E.D. Mich. Aug. 18, 2015); Fed. R. Civ. P. 32(a)(4)(E). *See White v. Illinois*, 502 U.S. 346, 356, 112 S.Ct. 736, 116 L.Ed.2d 848 ("The preference for live testimony ... is because of the importance of cross-examination, 'the greatest legal engine ever invented for the discovery of truth.'").

If Ms. Prater is not in the custody of the State of Tennessee at the time of the trial of this matter, then Plaintiffs can issue her a subpoena to testify. Alternatively, if Ms. Prater is in the custody of the State, Plaintiffs admit that procedures exist to compel her live testimony. *See* 28 U.S.C. § 2241. Inmates in the custody of the State are routinely transported to and from various courts for hearings and trials. Any minor burden imposed on the governmental entities involved to transport and hold Ms. Prater so that her testimony can be offered live is certainly outweighed by the prejudice to the Defendants. Plaintiff's motion should be denied.

Respectfully submitted this 28th day of January, 2020.

TRACY CITY, TENNESSEE

By: /s/ Dan R. Pilkington
DAN R. PILKINGTON, BPR No. 24660
EMILY C. TAYLOR, BPR No. 27157
WATSON, ROACH, BATSON & LAUDERBACK, P.L.C.
P.O. Box 131
Knoxville, Tennessee 37901-0131
(865) 637-1700

AJ CUNNINGHAM and CHARLIE WILDER

By: /s/ W. Gerald Tidwell
W. GERALD TIDWELL, JR., BPR No. 10136
TIDWELL & ASSOCIATES
P.O. Box 4369
Chattanooga, Tennessee 37405
(423) 602-7511

AJ CUNNINGHAM and CHARLIE WILDER

By: /s/ Mark E. McGrady
MARK E. MCGRADY, JR., BPR No. 30026
FARRAR & BATES
211 7th Ave. N., Suite 500
Nashville, Tennessee 37219-1823
(615) 254-3060

# CERTIFICATE OF SERVICE

  I hereby certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system:

    Bryan Moseley
    Moseley and Moseley
    237 Castlewood Drive, Suite D
    Murfreesboro, Tennessee 37129

    Heather G. Parker
    Luke A. Evans
    BULLOCH, FLY, HORNSBY & EVANS
    302 N. Spring Street
    P.O. Box 398
    Murfreesboro, TN 37133-0398

Dated this 28th day of January, 2019.

        By: /s/ Dan R. Pilkington
          DAN R. PILKINGTON, BPR NO. 24660
          WATSON, ROACH, BATSON,
          ROWELL & LAUDERBACK, P.L.C.
          Attorney for Defendants
          P.O. Box 131
          Knoxville, Tennessee 37901-0131
          (865) 637-1700