UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| JEREMIAH MYERS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-39-JEL-SKL |
| | ) | |
| A.J. CUNNINGHAM, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Before the Court is Plaintiffs' Motion to Depose Prisoner and Amend Scheduling Order [Doc. 93], with supporting memorandum [Doc. 94]. Plaintiffs rely on Federal Rules of Civil Procedure 30(a)(2)(B) and 16(b)(4). Defendants filed a response in opposition [Doc. 96], and Plaintiffs filed a reply [Doc. 97]. This matter is now ripe. For the reasons stated below, the Court will **GRANT** the motion.[1]

## I.    BACKGROUND

This motion represents Plaintiffs' latest attempt in securing testimony from Tina Prater. Ms. Prater has worked as a confidential informant for Defendants, including to perform drug buys allegedly from Plaintiffs. Plaintiffs contend they were framed by Ms. Prater, that Defendants knew Ms. Prater was not trustworthy, and therefore that Defendants violated Plaintiffs' constitutional rights when they relied on information from Ms. Prater to form the basis for Plaintiffs' arrests.

Defendants AJ Cunningham and Charlie Wilder subpoenaed Ms. Prater for a deposition

---

[1] This Order does not address the motion for summary judgment filed by Defendant Tracy City [Doc. 60], the motion for summary judgment filed by Defendants AJ Cunningham and Charlie Wilder [Doc. 62], or the motion filed by all Defendants seeking to strike Tina Prater's affidavit [Doc. 75], which was included as an exhibit to Plaintiffs' response to the summary judgment motions.

scheduled for June 26, 2019 [Doc. 27].[2]  It is undisputed that Ms. Prater did not appear, although she apparently cashed the check for her appearance and mileage fees.  According to Plaintiffs, Defendants represented to Plaintiffs that they would try again to obtain Ms. Prater's deposition, but then Defendants privately decided to abandoned the effort to depose Ms. Prater for strategic reasons.  Plaintiffs contend they still wanted to depose Ms. Prater and believed Defendants were working to arrange for that deposition.  Time passed and no party took additional efforts to depose Ms. Prater before the period for taking discovery and all depositions closed on October 16, 2019.[3]

Plaintiffs made contact with Ms. Prater and successfully arranged for her to sign an affidavit on September 9, 2019, which was included as an exhibit to Plaintiffs' response to the Defendants' summary judgment motions [Doc. 73-4].  On October 7, 2019, Defendants moved to strike the affidavit arguing, among other things, that Ms. Prater failed to honor a lawful subpoena for her deposition and, therefore, was in contempt of court [Doc. 75].

At some point apparently after November 20, 2019, Plaintiffs learned that Ms. Prater had been arrested and was incarcerated.  On December 12, 2019, Plaintiffs filed a motion seeking an order to show cause why Ms. Prater should not be held in contempt for her failure to attend the deposition scheduled by Defendants for June 26, 2019.  Plaintiffs further "request[ed] that Ms. Prater be given the option of appearing for a deposition to be held prior to the show cause hearing

---

[2] Given the Defendants' positions, the Court will hereafter refer to all Defendants collectively in this Order.

[3] As Plaintiffs point out, the trial date was reset from January 14, 2020, to April 28, 2020. However, the Order resetting the trial date did not continue the deadline for the completion of depositions [Docs. 20, 85].  Plaintiffs suggest that the moving of the trial date, without a corresponding change in the discovery deadline, caused them some confusion in their trial preparation, but it is unclear how or why any such confusion warrants relief in connection with the instant motion under the circumstances at hand.

and that, in the event she appears for her deposition, that she can avoid being held in contempt." [Doc. 87 at Page ID # 933]. Plaintiffs also wrote, "[g]iven that she is in custody, she would not be in a position to refuse to appear for her deposition if taken at the jail." [*Id*. at 929].

The Court denied Plaintiffs' motion for an order to show cause why Ms. Prater should not be held in contempt for failing to appear for her deposition [Doc. 91]. The Court's Order held that while Ms. Prater appeared to be at fault for failing to appear for her deposition, the primary relief Plaintiffs sought was an order requiring Ms. Prater to appear for a deposition. The Court further held that Plaintiffs had neglected to address the close of discovery, had failed to cite the appropriate legal standards for reopening discovery, and had failed to conduct a proper analysis or make the required showing to reopen and compel discovery. Plaintiff filed the instant motion the next day.

## II.     ANALYSIS

### A.     Deposition "For Evidence"

Although discovery closed October 16, 2019, Plaintiffs contend they are not seeking to take Ms. Prater's deposition for discovery but rather for "trial purposes," which they refer to as a *de bene esse* deposition [Doc. 94 at Page ID # 955]. They cite decisions by courts within the Sixth Circuit, including an out-of-district case that states: "Courts in this circuit generally recognize the need to treat *de bene esse* depositions differently in certain respects than those of discovery depositions." *Marmelshtein v. City of Southfield*, No. 07-CV-15063, 2010 WL 4226667, at *2 (E.D. Mich. Oct. 21, 2010) (citing *Burket v. Hyman Lippitt, P. C.*, No. 05-72171, 05-72221, 2008 WL 1741875 (E.D. Mich. Apr. 11, 2008)). However, as Defendants correctly point out, the Scheduling Order provides that the October 16, 2019 deadline applies to *all* depositions, "including the taking of depositions for evidence" [Doc. 20 at Page ID # 72].

Seemingly recognizing the Court's Scheduling Order precludes any argument that the

3

requested deposition is not governed by the discovery deadline, Plaintiffs specifically ask the Court "to amend the scheduling order to permit the taking of such deposition." [Doc. 93 at Page ID # 951]. Moreover, while "trial depositions" might be permitted by some courts, they are typically reserved for situations where the parties know, or at least have some indication or proof, that the witness will not be available. *See El Camino Res., Ltd. v. Huntington Nat'l Bank*, No. 1:07-cv-598, 2009 WL 1228680, at *5 (Apr. 30, 2009) ("[W]itnesses often become unavailable for trial, whether because of distance or conflicting schedules (as with testifying physicians). In such circumstances, *de bene esse* depositions taken shortly before trial are commonplace and are properly understood as part of the trial proceedings, not discovery."); *see also Gonzalez Prod. Sys., Inc. v. Martinrea Int'l Inc.*, No. 13-cv-11544, 2015 WL 4934628, at *15 (E.D. Mich. Aug. 18, 2015) ("The Federal Rules of Civil Procedure express an unmistakable preference for live testimony in open court over testimony taken in a deposition." (citations omitted)).

Here, there is some proof Ms. Prater *could* be incarcerated at the time of trial [*see* Doc. 97 at Page ID # 973], but nothing definitive, particularly considering the trial is nearly three months away and Ms. Prater has not been sentenced (or possibly even convicted) for the alleged crime for which she is currently being detained. Furthermore, even if she is still incarcerated at the time of trial, it is unclear why she could not be brought in to testify through a writ of habeas corpus ad testificandum, as Defendants point out. *See, e.g.*, *Rose v. Collins*, Case No. 4:17-cv-62-HSM-SKL, Docs. 49 & 50 (E.D. Tenn., writs filed June 28, 2019). *But see* Fed. R. Civ. P. 32(a)(4)(C) ("A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds: . . . that the witness cannot attend or testify because of age, illness, infirmity, or imprisonment."); Tenn. Code Ann. § 41-21-304(a).

It is unnecessary to address these issues further, however, as the Court finds Plaintiffs have

shown good cause for amending the Scheduling Order to permit the deposition to go forward. In doing so, the Court makes no determination regarding whether any party will be permitted to use the deposition at trial "for all purposes," in place of live testimony. Fed. R. Civ. P. 32(a)(4)(C).

**B.     Amending the Scheduling Order**

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "To show good cause, a moving party can demonstrate that he or she diligently attempted to meet the original deadline." *Gatza v. DCC Litig. Facility, Inc.*, 717 F. App'x 519, 521 (6th Cir. 2017) (citing *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003)), *cert. denied*, 138 S. Ct. 1177 (2018). The Sixth Circuit has held that the determination of good cause includes consideration of the following factors: "(1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to . . . discovery requests." *Bentkowski v. Scene Magazine*, 637 F.3d 689, 696 (6th Cir. 2011) (quotation marks omitted; alteration in original) (quoting *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010)). In addition to examining whether Plaintiffs have shown "good cause," the Court must consider whether the requested amendment will cause Defendants "to experience possible prejudice." *See Gatza*, 717 F. App'x at 521 (6th Cir. 2017) (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2005)). This Court has also identified "the relevance of the discovery," and the "specificity of the discovery request" as being pertinent factors when determining whether to allow late discovery. *See Shelbyville Hosp. Corp. v. Mosley*, No. 4:13-CV-88, 2017 WL 1155046, at *2 (E.D. Tenn. Mar. 27, 2017) (citations omitted).

True, Plaintiffs waited months after Ms. Prater's missed deposition before even attempting to depose her again. Also true, the Court previously characterized Plaintiffs' explanation—that

they were waiting for *Defendants* to reschedule the deposition—as flimsy in the context of seeking a show cause order in connection with a contempt ruling. In their response to the instant motion, Defendants contend they "gave notice on August 13, 2019," to Plaintiffs that they (Defendants) would "challenge the admissibility of any statements by Ms. Prater since she had failed to appear for her noticed deposition." [Doc. 96 at Page ID # 964]. Defendants do not contend, however, that they timely informed Plaintiffs about their strategic decision to forgo any efforts to reschedule Ms. Prater's deposition after first indicating they planned to do so. Plaintiffs addressed these and other issues in greater detail in their more recent motion (as compared to their motion for a show cause order), and they do so in the proper context—a motion to amend the Scheduling Order to permit the deposition to go forward. The Court agrees that allowing the deposition—not necessarily in place of live testimony—will not prejudice Defendants. Indeed, in their response, Defendants only argue they will be prejudiced *if* Plaintiffs are allowed to present Ms. Prater's testimony by deposition for all purposes at trial.

Most significantly, the relevance of Ms. Prater's side of the story is undisputed, and the discovery request is specific: an extension only to allow for the deposition of a key witness who previously failed to appear and is now incarcerated. The facts of this case are unique, as is the procedural posture with regard to Ms. Prater's deposition. Plaintiffs have now properly sought the Court's permission to amend the scheduling order and to depose Ms. Prater pursuant to Federal Rule of Civil Procedure 30(a)(2)(B) ("A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2): . . . if the deponent is confined in prison."). *See also* Tenn. Code Ann. § 41-21-304 (inmate testimony may be taken by deposition).

On balance, and exercising its considerable discretion in this area, the Court concludes Plaintiffs have adequately shown good cause, and that the remaining factors weigh in favor of

6

amending the Scheduling Order to allow the deposition to take place.

## III.   CONCLUSION

For the reasons set forth herein, Plaintiffs' motion to depose Ms. Prater and amend the Scheduling Order [Doc. 93] is **GRANTED** pursuant to Federal Rules of Civil Procedure 16(b)(4) and 30(a)(2)(B).  Plaintiffs shall complete the deposition of Ms. Prater **within 30 days** of entry of this Order.  Plaintiffs shall coordinate with Defendants and with the staff at the Grundy County jail (or whatever facility Ms. Prater is currently detained in) to arrange for a mutually agreeable date and time for the deposition.  All other deadlines in the Scheduling Order as amended [Docs. 20 & 85] remain in place.

**SO ORDERED.**

**ENTER**:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE